## DeUPREY v. DeUPREY.

The Statute of Limitations requires an action on a judgment to be brought within five years ; but when a judgment is rendered payable in installments, the time begins to run from the period fixed for the payment of each installment as it becomes due.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco. .

The facts are stated in the opinion of the Court.

*John McHenry*, for Appellant.

*A. Campbell* and *A. H. Loughborough*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action upon two judgments rendered in favor of the plaintiff against the defendant; one dated September 9th, 1852, for the payment of sixty dollars per month, for the support of the infant child of the parties, they having been husband and wife ; the other, dated January 16th, 1855, for two hundred and nineteen dollars, with interest at ten per cent. per annum, and costs. This action was commenced July 11th, 1861. The defendant demurred to the complaint on various grounds ; the Court overruled the demurrer, and the appellant contends that the Court erred in so

doing, claiming that the complaint showed that the cause of action was barred by the Statute of Limitations. This is not, specifically, mentioned as one of the grounds of the demurrer; and it is doubtful whether it should not be thus distinctly specified to authorize the Court to consider it. (*Mason* v. *Cronise*, 20 Cal. 211; *Smith* v. *Richmond*, 19 Id. 476; *Barringer* v. *Warden*, 12 Id. 311; *Sublette* v. *Finney*, 9 Id. 425.) In all these cases, this ground of demurrer was specifically stated, and the question was not, therefore, directly decided. It is not necessary to determine it here, because the Statute of Limitations was specifically set up as a defense in the answer, and a demurrer thereto was sustained, and the question is therefore properly presented in that way.

The Statute of Limitations requires that an action on a judgment be brought within five years. The second judgment sued on was rendered more than five years before the commencement of the action; and the action upon that judgment was barred by the statute. But it seems that the amount claimed under that judgment was not included in the judgment rendered in this action; so that the defendant has suffered no injury by the sustaining of the demurrer to his answer, so far as relates to this second judgment. The first judgment is payable in monthly installments; and in such case the time begins to run from the expiration of the period fixed for the payment of each installment as it becomes due for the part then payable; and for the other installments, only from the day of the expiration of the respective times of payment. (Angell on Limitations, 105.) It follows, that all the installments which fell due prior to five years before the commencement of the suit, were barred by the statute; but for all the installments which fell due within the five years, the right of action was not barred. The Court below did not err, therefore, in sustaining the demurrer to the answer, so far as it applied to the first judgment. It seems that the judgment rendered, included only the installments which fell due within the five years; and it is therefore correct, so far as relates to this point.

It is objected, that no proof was offered to show that the child named in the judgment had been, or was, in the custody of the plaintiff, or that she had expended the necessary money and care

on her support and education. The complaint is duly verified, and these averments not being specifically denied by the answer, are to be deemed as admitted; and no proof to sustain them was therefore necessary. The right to bring an action upon a judgment or decree, is clear and undoubted; and the fact that the decree was for a divorce and for alimony, makes no difference in the rule. (*Howard* v. *Howard*, 15 Mass. 196.)

The judgment is affirmed.