[No. 16001. In Bank.—October 14, 1896.]

ANNA E. GASTON, RESPONDENT, *v.* ANDREW A. GASTON, APPELLANT.

DIVORCE — PERMANENT ALIMONY — PLEADING — JURISDICTION.— The provision for permanent alimony in an action for a divorce brought by the wife, is ordinarily an incident to the judgment for divorce, and the jurisdiction of the court to make such provision is not dependent upon averments in the complaint as to the husband's resources.

ID.— CASE IN EQUITY—CHARGE UPON REAL ESTATE OF HUSBAND — CONSTRUCTION OF CODE.—An action for a divorce is treated as a case in equity; and the provision in section 140 of the Civil Code, that "the

court may require the husband to give reasonable security for providing maintenance, . . . . and may enforce the same by appointment of a receiver, or by any other remedy applicable to the case," is not to be construed as limiting the equity jurisdiction of the court to make the maintenance a lien or charge upon the real estate of the husband.

ID.—DIVORCE FOR EXTREME CRUELTY—CHARGE UPON COMMUNITY PROPERTY.—Where a divorce is granted to the wife for extreme cruelty of the husband, the court is authorized by section 146 of the Civil Code to assign the community property of the parties in such proportion as under the circumstances may seem just; and, having power under that section to assign it to the wife absolutely, it has the included power to charge a lien thereon in favor of the wife.

ID.—DURATION OF LIEN—LIMITATION—JUDGMENT LIEN—PERIOD FOR EXECUTION—INSTALLMENTS OF ALIMONY.—The lien established by a judgment of divorce in favor of the wife upon the real estate of the husband for installments of alimony does not derive its force from section 671 of the Code of Civil Procedure, and does not expire within the two years limited for the enforcement of a judgment lien; nor is its enforcement limited by the period of five years from the entry of judgment, for the issuance of execution, under section 681 of the same code, but the court having power to provide a monthly allowance of alimony to be paid during the life of the wife, the real property charged with its payment may be sold to satisfy the lien for any unpaid installments accruing after the lapse of five years from the entry of the judgment, the right of execution for which does not accrue until the installments respectively fall due.

ID.—DECREE FOR PERMANENT ALIMONY—HUSBAND'S OWNERSHIP OF PROPERTY.—It is not essential to a decree for permanent alimony for the future maintenance of the wife by the husband, that he should then be the owner either of separate or of community property to which to resort to enforce payment thereof.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion to set aside an order of sale of defendant's premises.   W. G. LORIGAN, Judge.

The facts are stated in the opinion.

*H. V. Morehouse,* for Appellant.

An execution must be taken out within five years from the entry of judgment. (Code Civ. Proc., sec. 681.) As no action was brought to revive the judgment, it expired at the end of five years. (Code Civ. Proc., sec. 685; *Dorland* v. *Hanson,* 81 Cal. 202; 15 Am. St. Rep. 44; *Jacks* v. *Johnston,* 86 Cal. 384; 21 Am. St. Rep. 50; *Cortez* v. *Superior Court,* 86 Cal. 274; 21 Am. St. Rep. 37; *Buell* v. *Buell,* 92 Cal. 393; *Dorland* v. *Smith,* 93 Cal. 120.)

The judgment as a lien could exist only for two years, and the court could not create or extend the lien. (*Castro* v. *Illies*, 13 Tex. 229; Black on Judgments, sec. 403; *Houston* v. *Houston*, 67 Ind. 276; Code Civ. Proc., sec. 671; Civ. Code, sec. 2910.) The court can only exact security from the husband for the allowance to the wife, and is not authorized to make a judgment which shall exist during the life of plaintiff, or provide for the payment of sums of money after the judgment expires, or create a lien upon defendant's property. (Civ. Code, sec. 140; *Swansen* v. *Swansen*, 12 Neb. 210.) The court was required to resort to the community property in making the wife's allowance, and could not compel the husband to pay it as a personal obligation. (Civ. Code, secs. 140, 141, 146, subd. 1.) The judgment for forty-five dollars per month is also void, because there is no averment in the complaint of the faculties or abilities of the husband, and the relief cannot exceed the facts alleged in the complaint. (Code Civ. Proc., sec. 580; Bishop on Marriage, Divorce, and Separation, secs. 931; 1048, 1071; *Green* v. *Palmer*, 15 Cal. 411; 76 Am. Dec. 492; *Pittsburgh etc. Co.* v. *Greenwood*, 39 Cal. 71; *Parrott* v. *Den*, 34 Cal. 79; Black on Judgments, sec. 141.)

*John E. Richards,* and *C. D. Wright,* for Respondent.

The judgment is a continuing one, and the statute of limitations does not run against it until defendant has failed to pay the monthly installment for the period provided by the statute. The lien attaches whenever there is a failure to pay the monthly installment. (*De Uprey* v. *De Uprey,* 23 Cal. 352.) That the court had the power to enter the judgment herein there can be no doubt. (Civ. Code, secs. 139, 140.)

BRITT, C.—On November 22, 1884, plaintiff obtained a decree in the court below dissolving the bonds of matrimony previously subsisting between herself and defendant; awarding to her the custody of their minor child; setting over to her a specified portion of the com-

munity property; and requiring defendant to pay the sum of forty-five dollars per month "during her lifetime, or during the time that she shall remain unmarried, as permanent alimony for her maintenance and support." It also declared a certain tract of land situated in the county, and which was part of the community property set over to the defendant, to be charged with a lien in favor of plaintiff for securing such payments, and directed the issuance of an order of sale of such land in case the defendant should fail to make the said payments as required. The ground of the action was extreme cruelty practiced by defendant upon plaintiff; the complaint contained no allegations of defendant's ability to pay alimony, etc., though it alleged the existence of several parcels of community property. Defendant did not answer the complaint, but he appeared by attorney at the trial. He regularly paid the monthly alimony awarded to plaintiff until October, 1894, when he refused to make further payment. Plaintiff then obtained from the court an order for the sale of defendant's land as provided in the decree; this was on November 16, 1894. A few days later the defendant moved the court to vacate said order of November 16th; the court refused; and this appeal is from the order denying his motion.

It is argued that the portion of the judgment requiring the payment of forty-five dollars per month for the support of plaintiff is void, because no statement of the husband's ability was contained in the complaint. The provision for support in such cases is ordinarily an incident of the judgment of divorce; the jurisdiction of the court (which is the extent of our concern at present) to make such provision is not dependent upon averments in the complaint of the husband's resources— any more than its power to dispose of the children depends upon an allegation of the relative fitness of the parents for their custody. (Civ. Code, secs. 138, 139; *Ex parte Gordan,* 95 Cal. 374; 2 Bishop on Marriage, Divorce, and Separation, 1067, et seq.)

The statute provides that: "The court may require the husband to give reasonable security for providing maintenance, . . . . and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case." (Civ. Code, sec. 140.) Appellant claims that the effect of this section is to render void the portion of the judgment imposing a lien on his land; that the power of the court was limited to exacting security of him. We think the law is otherwise; with us an action for divorce is treated as a case in equity (*Wadsworth* v. *Wadsworth*, 81 Cal. 187; 15 Am. St. Rep. 38); and the statute ought not to be construed as abridging the power exercised by courts having cognizance of matrimonial causes—commonly, though not always, as a branch of their chancery jurisdiction—to declare a lien for securing the award of support to the wife in such cases. Said the supreme court of Ohio of a judgment like the present, except that it omitted the provision for a lien: "That it is within the legitimate power of the court to make such decree a charge upon real estate we have no doubt, and it has been the practice so to do in cases where it was deemed proper." (*Olin* v. *Hungerford*, 10 Ohio, 268.) And such is the current of authority with but little dissent. (*Wightman* v. *Wightman*, 45 Ill. 167; *O'Callaghan* v. *O'Callaghan*, 69 Ill. 552; *Holmes* v. *Holmes*, 26 N. J. Eq. 9, 12.) Many other cases are collected in the reporter's note to *Stoy* v. *Stoy*, 41 N. J. Eq. 370. Moreover, the divorce being upon the ground of extreme cruelty, the court was authorized to assign the community property to the parties in such proportion as, under the circumstances, seemed just (Civ. Code, sec. 146); under this section it had the power to assign to the wife the absolute property in the land in question, and this included power to charge a lien on the same. (*Foster* v. *Foster*, 56 Vt. 540; *Blankenship* v. *Blankenship*, 19 Kan. 159.) These considerations sufficiently dispose also of the further view advanced by appellant that the lien expired, under

section 671 of the Code of Civil Procedure, in two years after the entry of the judgment. The lien does not derive its force from that section.

It is also insisted that permanent alimony could not be allowed to the wife because—it is said—the husband then had neither separate nor community property to which resort could be had to enforce payment thereof. (Civ. Code, sec. 141.) We are not convinced that there was no such property; it was not essential, however, to warrant the decree for future maintenance that he should then have owned property of either class. (*Ex parte Spencer*, 83 Cal. 460; *Eidenmuller* v. *Eidenmuller*, 37 Cal. 364.)

The statute limits the right to have execution on a judgment to the period of five years from the date of entry (Code Civ. Proc., sec. 681), and that period having expired in this instance, it is contended that "the judgment ceased to be of binding force, and process could not issue under it." But the court had power to make suitable allowance for support of the wife during her life (Civ. Code, sec. 139); and the allowance might take the form of pecuniary payments at successive monthly intervals (*Ex parte Spencer*, 83 Cal. 460); the right to execution for these does not accrue until they respectively fall due. The case is within the principle of *De Uprey* v. *De Uprey*, 23 Cal. 352.

The order should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.

McFARLAND, J.,    GAROUTTE, J.,
VAN FLEET, J.,    HARRISON, J.,
HENSHAW, J.

Rehearing denied.