[Civil No. 4197.   Filed October 7, 1940.]

[106 Pac. (2d) 192.]

LOUISE A. SCHUSTER, Appellant, v. ROY N. MERRILL, as Sheriff of Maricopa County, Arizona, and UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Appellees.

Messrs. Clark & Clark, for Appellant.

Messrs. Moore & Romley, for Appellees.

ROSS, C. J.—In this action Louise A. Schuster seeks to recover a judgment against Roy N. Merrill, as sheriff of Maricopa county, and the United States Fidelity & Guaranty Company, his surety, for the failure and neglect of said sheriff to carry out the commands of a writ of execution placed in his hands for the purpose of levying upon the property of the judgment debtor to satisfy a judgment. The court sustained a general demurrer to the complaint and ordered the complaint dismissed. From the order sustaining demurrer and the judgment of dismissal the plaintiff has appealed.

It is contended by the defendants that the execution was not "regular on its face" and that for that reason the sheriff was excusable for not serving it. The respects in which the execution is claimed to be not regular on its face are two: (1) That the judgment on which it was issued was entered more than five years before the execution and was therefore dormant; (2) that the amount the sheriff was commanded to collect was uncertain and indefinite. Before undertaking to analyze these two points, we copy the execution, which is attached to and made a part of the complaint as "Exhibit A":

"Exhibit A.

"In the Superior Court of the State of Arizona In and For the County of Maricopa.

"Thomas Schuster,
Plaintiff,

vs.

Louise A. Schuster,
Defendant.

No. 34836
Execution.

"The State of Arizona To the Sheriff of the County of Maricopa, Greeting:

"Whereas, on the 19th day of January, 1932, Louise A. Schuster, defendant above named, recovered a judgment in the said Superior Court of Maricopa County, State of Arizona, against Thomas Schuster, plaintiff herein, for payment of Sixty-five Dollars ($65.00) per month and costs, which judgment was modified on March 1, 1934, by reducing said payments to Thirty-five Dollars ($35.00) per month, together with her costs taxed and allowed at $——, and accruing costs, $——, as appears to us of record;

"And Whereas, the judgment roll in the action in which said judgment was entered is filed in the Clerk's office of said court, in the said County of Maricopa, and the said judgment was docketed in said Clerk's office in said county, on the day and year first above written;

"And the sum of Nine Hundred Fifty-four Dollars ($954.00), with interest at the legal rate, was on August 1, 1938, and now is at the date of this writ, actually due on said judgment;

"Now You, the Said Sheriff, are hereby required to make the said sum due on the said judgment, with interest as aforesaid, and costs and accruing costs, to satisfy said judgment, out of the personal property of said debtor, or if insufficient personal property of said debtor cannot be found, then out of the real property in your county belonging to him on the day whereon said judgment was docketed in said county, or at any time thereafter, and make return of this writ within ninety (90) days after your receipt hereof, with what you have done endorsed hereon.

"Witness, Hon. E. G. Frazier, Judge of said Superior Court of Maricopa County, State of Arizona, at the Court House, in said County of Maricopa, this 8th day of August, 1938.

"Attest, my hand and the seal of said Court, the day and year last above written.

"WALTER S. WILSON, Clerk

"By E. HASTAIN, Deputy Clerk."

It will be noted that the judgment was entered January 19, 1932, and that the execution is dated August 8, 1938, or more than six and one-half years after the entry of judgment. Section 4210, Revised Code of 1928, reads:

· " . . . No execution shall be issued upon a judgment after the expiration of five years from the date of its entry, unless such judgment be revived by affidavit, or an action be brought thereon, within five years from the date of such rendition and entry. . . . "

■■ The defendants contend that under this statute the judgment is clearly dormant and an execution thereon is void. Their contention is right as to ordinary judgments, that is, judgments that are final and may not be modified, altered or revised by the court entering them. But we do not think the provisions of section 4210 were ever intended to apply to a judgment of the kind we have here. It is true that neither the complaint nor the execution shows what the judgment was for, but we think the context of the execution clearly shows that the judgment it was issued to carry out was for alimony, or support money, or both. An inspection of the judgment so shows. The court, under section 2188, Id., retains jurisdiction of such judgments after final entry and may from time to time, on petition of either party, amend, revise and alter such portions thereof as relate to the payment of money for the support and maintenance of the wife or custody and maintenance of the child or children. The judgment in such cases can never become dormant

as a whole. Monthly payments, if permitted to run over five years, might, but not so with payments falling due within the five years before the issuance of the execution. The question we have here arose in the early case of *De Uprey* v. *De Uprey*, 23 Cal. 352, and the syllabus to that case clearly states, we think, what the rule should be. We quote:

"The Statute of Limitations requires an action on a judgment to be brought within five years; but when a judgment is rendered payable in instalments, the time begins to run from the period fixed for the payment of each instalment as it becomes due."

That case was followed and approved in *Gaston* v. *Gaston*, 114 Cal. 542, 46 Pac. 609.

The court's order of March 1, 1934, modifying the judgment by reducing the future monthly payments after that date to $35, was made within less than five years before the execution was issued. The execution is for $954 and $35, being the monthly payments, divided into that sum will give twenty-seven months and a few days as the time of delinquency before the execution was issued—well within the five-year period.

It is next contended that the execution is uncertain in its directions to the sheriff as to the amount of the judgment, interest and costs he is required to collect from the judgment debtor. The principal of the judgment is named as $954. The interest due to August 1, 1938, at the legal rate is not calculated but can be easily ascertained by figuring interest on each partial payment, from the date it became due, until August 1st. No amount is stated as "costs." Therefore, no duty to collect costs arises. "Accruing costs" are in the lap of the future and are incident to the duty to levy on property of the debtor and sell it in satisfaction of the judgment and legal interest thereon.

The duty of an officer to execute process, under a statute similar to our section 842, Id., is well stated

in *Pankewicz* v. *Jess,* 27 Cal. App. 340, 149 Pac. 997, 998, as follows:

"An officer whose duty it is to serve process is bound to serve the same when such process is regular on its face. Process is said to be regular on its face when it proceeds from a court, officer, or body having authority of law to issue process of that nature, and which is legal in form, and contains nothing to notify or fairly apprise any one that it is issued without authority. *Thompson* v. *Laughlin,* 91 Cal. 313, 27 Pac. 752; *Brichman* v. *Ross,* 67 Cal. 601, 8 Pac. 316; 19 Cyc. 343; 2 Cooley on Torts, p. 1480, section 4168, Pol. Code. When lack of authority is apparent the officer is not only justified, but it is his duty, not to serve the illegal process; and, if he does so, it is at his peril. The only ground, therefore, upon which an action can be predicated against an officer for executing process is where the lack of authority for its issuance is apparent on its face. . . . "

We think the execution was definite as to the amount to be collected and that its issuance was by an officer authorized and empowered to issue it.

The judgment is reversed and the cause remanded with directions that further proceedings be had not inconsistent herewith.

LOCKWOOD and McALISTER, JJ., concur.