Rose Milana, Plaintiff, *v.* Louis Milana, Defendant.

Supreme Court, Trial Term, Kings County, April 12, 1948.

*Pokorny, Schrenzel & Pokorny* for plaintiff.

*Charles L. Cusumano* for defendant.

LIVINGSTON, J. Plaintiff obtained an interlocutory judgment in the State of California against the defendant based upon extreme cruelty. This judgment became final on January 17, 1930, and among other things provided that defendant was to pay $25 per week for the support of the plaintiff and the infant son of the parties. Defendant made various payments aggregating $1,000 in 1931 and 1932, on account of the past-due installments, but no payments have been made since. In the present action plaintiff asks for a money judgment in the sum of $23,475, the amount of the accrued installments less the payments mentioned above.

Defendant predicates his defense upon two grounds: first, that plaintiff's judgment is not final and is, therefore, not entitled to full faith and credit under the Federal Constitution, and second, that the judgment on which plaintiff sues is not enforcible in California and, therefore, not enforcible here.

I find no merit in defendant's first contention. As to past-due installments of alimony, a judgment of the State of California is final and conclusive, and the courts of this State will ordinarily enforce such judgment under the full faith and credit clause of the Federal Constitution (*Zaragoza* v. *Zaragoza,* 48 Cal. App. 2d 27; *Dreesen* v. *Dreesen,* 31 Cal. App. Div. 479; *Sutin* v. *Sutin,* 180 Misc. 197, 97 A. L. R. 1197, 157 A. L. R. 175; *Beeck* v. *Beeck,* 211 App. Div. 720; *Smith* v. *Smith,* 255 App. Div. 652).

The present case, however, presents a rather unusual situation. Under California law, before execution could be issued to recover the installments which accrued during the period prior to the last five years, plaintiff would have to obtain leave from the court to issue such execution. This rule is set forth in section 685 of the California Code of Civil Procedure which reads: " In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion." If this court were to grant plaintiff a judgment for such installments, it would in effect be permitting plaintiff to circumvent the laws of the State of California. Plaintiff would thus be enabled to issue execution in this State as a matter of right when under the laws of California it would rest within the discretion of the courts there whether execution should issue.

In the circumstances, this court is of the opinion that before a judgment for such installments may be granted in this State, plaintiff should first obtain leave to issue execution from the California courts.

This is not true, however, of the installments of alimony which have become payable during the last five years. In the recent case of *Lohman* v. *Lohman* (29 Cal. 2d 144) a somewhat similar state of facts was presented to the California Supreme Court. There the court pointed out (p. 148) that leave must be obtained under section 685 of the Code of Civil Procedure to enforce a judgment by execution after the lapse of five years. Significantly, however, the court stated that the right to enforce payment of installments due not more than five years before

the date upon which the motion in that case was made, rests upon different principles. As to such installments the court held that plaintiff was entitled to issue execution as a matter of right. There the court said (p. 150): "Section 681 of the Code of Civil Procedure provides: 'The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement.' In 1863, before the enactment of this section, it was held that the statute of limitations runs upon a judgment payable in installments from the date each installment becomes due. (*DeUprey* v. *DeUprey*, 23 Cal. 352.) This principle was later applied in construing the code section, and it was held that the creditor is entitled, as a matter of right, to execution upon such a judgment for all amounts which have accrued within five years from the date of the application therefor. (*Gaston* v. *Gaston*, 114 Cal. 542 [46 P. 609, 55 Am. St. Rep. 786].) These decisions were followed in *Cochrane* v. *Cochrane*, 57 Cal. App. 2d 937 [135 P. 2d 714], and the statement in *Shields* v. *Superior Court*, 138 Cal. App. 151 [31 P. 2d 1045], to the effect that execution may not issue as a matter of right upon installments accruing within five years is disapproved."

It is also to be noted that the Statute of Limitations does not bar the recovery of such installments for " in such case the time begins to run from the expiration of the period fixed for the payment of each installment as it becomes due * * * (Angell on Limitations, 105)." (*DeUprey* v. *DeUprey*, 23 Cal. 352, 353; *Gaston* v. *Gaston*, 114 Cal. 542; *Atkinson* v. *Atkinson*, 35 Cal. App. 2d 705, 707.)

From the foregoing, it seems clear that the Statute of Limitations does not bar collection of the installments of alimony which have accrued during the last five years and that execution would issue as a matter of right to collect the same in California. Judgment is accordingly granted in favor of the plaintiff in the amount of $6,500 with interest.