EVA JACOBI, Plaintiff, *v.* HARRY L. DRUCKER, Defendant.

Supreme Court, Special Term, Onondaga County, January 15, 1953.

*Koplovitz & Cohen* for plaintiff.

*Richard Aronson* for defendant.

RINGROSE, J. This is a motion by the plaintiff for summary judgment under rules 113 and 114 of the Rules of Civil Practice.

The defendant has countered with a motion to dismiss the complaint under rule 113.

The plaintiff, a citizen of Israel, seeks to recover in this action the amount of alimony in arrears under an award made to her by a decree of the District Court of the City of Jerusalem, entered in conjunction with a judgment of divorce granted on May 3, 1946, by the Rabbinical Court of Jerusalem where both of the parties were then domiciled.

On October 8, 1951, the decree of the District Court was modified by increasing the monthly payments of alimony from 20 Palestinian pounds per month to 50 Israeli pounds per month, retroactive to January 24, 1951.

The plaintiff claims that the defendant is in arrears in the amount of 962 pounds and asks judgment for this amount, or its equivalent in dollars.

Under the laws of this State, an award of alimony is neither final nor conclusive, either as to future payments or as to sums in arrears, and the entry of a judgment, therefore, is discretionary (Civ. Prac. Act, § 1171-b; *McCanliss* v. *McCanliss*, 268 App. Div. 138). The motion must be upon notice to the husband (*Griffin* v. *Griffin*, 327 U. S. 220; *Muller* v. *Muller*, 184 Misc. 587), who may interpose certain defenses, if avail-

able (*Kirkbride* v. *Van Note*, 275 N. Y. 244; *Karlin* v. *Karlin*, 280 N. Y. 32; *Van Dusen* v. *Van Dusen*, 258 App. Div. 1020; *Viall* v. *Viall*, 263 App. Div. 548).

The plaintiff has neglected to plead the statute law of Israel relating to the status of an award of alimony by the District Court in connection with a rabbinical divorce, which is required if it is desired to rely thereon. (*Monroe* v. *Douglass*, 5 N. Y. 447; *Phoenix Ins. Co.* v. *Church*, 81 N. Y. 218; *Muck* v. *Hitchcock*, 212 N. Y. 283, 289; *Knickerbocker Trust Co.* v. *Iselin*, 185 N. Y. 54; *Pfleuger* v. *Pfleuger*, 278 App. Div. 247.) It, therefore, is assumed in passing on these motions, that the judgment of the District Court as to the amount of alimony is subject to modification, and since the claim for the amount in arrears has not been reduced to final judgment in the court of original jurisdiction, it cannot be enforced by an action in this State. (*Sistare* v. *Sistare*, 218 U. S. 1; *Rossi* v. *Rossi*, 187 Misc. 543, affd. 269 App. Div. 821; *Bentley* v. *Calabrese*, 155 Misc. 843; *Phelps* v. *Phelps*, 68 N. Y. S. 2d 650.)

Although the question is not presently raised, a cause of action based upon the judgment of the District Court of the City of Jerusalem, may exist, if such judgment is final and conclusive as to past-due installments of alimony. (*Toms* v. *Toms*, 188 Misc. 451; *Milana* v. *Milana*, 191 Misc. 482.) For a discussion of the general rules relating to foreign judgments as the basis for actions in this State, see *Johnston* v. *Compagnie Generale Transatlantique* (242 N. Y. 381).

The motion by the plaintiff for summary judgment should be denied, and the motion by the defendant for judgment on the pleadings should be granted, except that the plaintiff may serve an amended complaint within ten days from the date of the service on her attorney of a copy of the order to be entered hereon.

Ordered accordingly.