488 P.2d 662

Margaret Settle BRUCE, Administratrix of the Estate of Otis Kelly Bruce, Deceased, Petitioner,

v.

Honorable Donald F. FROEB, Judge of the Superior Court of Arizona In and For the County of Maricopa; and Gladys BRUCE, Real Party in Interest, Respondents.

No. I CA–CIV 1708.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 16, 1971.

Rehearing Denied Oct. 8, 1971.

Review Denied Nov. 9, 1971.

R. Kelly Hocker, Tempe, for petitioner.

Patrick W. O'Reilly, Phoenix, for respondents.

HAIRE, Judge.

In this special action, we are asked to decide whether an ex-wife's action against her deceased ex-husband's estate to recover child support arrearages accrued prior to his death is barred by limitations with respect to those arrearages having accrued more than five years prior to the date of his death.

The relevant facts are as follows. Plaintiff, Gladys Bruce, and Otis Kelly Bruce were divorced on February 25, 1960. Under the divorce decree, the husband was required to pay the sum of $150.00 per month as child support for their three minor children. At the time of the husband's death on March 26, 1970, he was in arrears on these payments as follows: for the child Otis Kelly Bruce, Jr., $600 per year for the years 1962–1969, and $150 for the year 1970; and for the child Kenneth Bruce, $10 for the year 1960, $458 for 1961, and $600 per year for the years 1962–1965 (the year Kenneth reached his twenty-first birthday). The third child, Richard Luther Bruce, was killed in 1964, and no claim for child support arrearages for him has been asserted. The decree had

never been renewed or revived as to the past accrued installments. The administratrix of the husband's estate rejected the above-mentioned claims, and plaintiff thereupon brought this action to recover the arrearages. The administratrix then moved for a partial summary judgment as to all the claimed arrearages for the child Kenneth (Kenneth having obtained his majority in 1965, more than five years prior to the husband's death), and for $2,450 of the arrearages claimed for the child Otis Kelly Bruce, Jr. The basis for the motion for summary judgment was that all arrearages accruing more than five years prior to the husband's death were barred by the provisions of A.R.S. § 12–1611, 1612 and 1613, and A.R.S. § 12–1551. The trial court having denied this motion, the administratrix brought this special action.

The trial court denied petitioner's motion for the following reason:

"(3) The claims are not barred by any statute of limitation.

"THEREFORE, IT IS ORDERED denying defendants' motion for partial summary judgment."

The statutes [1] relied upon by petitioner are not contained within that chapter of our code which sets forth certain statutes under the heading of "Limitations of Action", but rather are contained in the chapter dealing with the enforcement of judgments. However, the consequence of a failure to timely comply with the renewal provisions of these statutes is to create a limitation against the further enforcement or effect of a judgment, and thus our Supreme Court has aptly characterized these statutes as "statutes of limitation". *See* In re Spriggs, 36 Ariz. 262, 284 P. 521 (1930).

Petitioner's contention is that in a situation involving an installment judgment for child support, in the absence of renewal of that judgment by affidavit or action, no installment more than five years past due can be collected. We have not found any Arizona case which conclusively decides this question.

In Schuster v. Merrill, 56 Ariz. 114, 106 P.2d 192 (1940), the court was faced with an appeal from the trial court's dismissal of a complaint against a sheriff for his failure to levy upon the debtor husband's

1. The statutes relied upon by petitioner read in pertinent part as follows:
A.R.S. § 12–1611:
"A judgment may be renewed by action thereon at any time within five years after the date of the judgment."
A.R.S. § 12–1612, subsecs. A, B and D:
"A. A judgment for the payment of money which has been entered and docketed in the civil docket or civil order book of the United States District Court or superior court, whether originally rendered by it or entered upon a transcript of judgment from another court, or recorded with the county recorder, may be renewed by filing an affidavit for renewal with the clerk of the proper court.
"B. The judgment creditor, his personal representative or assignee may within ninety days preceding the expiration of five years from the date of the judgment, make an affidavit, entitled as in the action setting forth:
\*    \*    \*    \*    \*
"D. The filing of the affidavit in the office of the clerk of the court where

the judgment is entered and docketed shall renew and revive the judgment to the extent of the balance shown due in the affidavit."
A.R.S. § 12–1613, subsec. B:
"B. The entry and docketing of the affidavit by the clerk shall renew the judgment for a period of five years from the time of docketing."
A.R.S. § 12–1551:
"A. The party in whose favor a judgment is given may, at any time within five years after entry of the judgment, have a writ of execution issued for its enforcement.
"B. No execution shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is revived by affidavit or an action is brought thereon within five years from the date of the entry.
"C. No execution shall issue after death of the judgment debtor unless it is for the recovery of real or personal property or enforcement of a lien thereon."

property pursuant to a writ of execution. The execution had been issued based upon an installment judgment for alimony and support, and it was alleged in the writ that a certain accrued sum was actually due on the judgment. The sheriff contended that inasmuch as the divorce judgment was more than five years old, and had not been renewed, the judgment was dormant and the attempted execution void. The court stated:

"The judgment in such cases can never become dormant as a whole. Monthly payments, if permitted to run over five years, might, but not so with payments falling due within the five years before the issuance of the execution. The question we have here arose in the early case of De Uprey v. De Uprey, 23 Cal. 352, and the syllabus to that case clearly states, we think, what the rule should be. We quote:

'The Statute of Limitations requires an action on a judgment to be brought within five years; but when a judgment is rendered payable in instalments, the time begins to run from the period fixed for the payment of each instalment as it becomes due.' "

56 Ariz. at 117–118, 106 P.2d at 193–194.

The court in Schuster avoided a direct holding on the issue of whether installments not accruing within the previous five years would be unenforceable by concluding that based upon the facts before it, including the total amount requested in the writ and the amount of each monthly installment, it would appear that the installments were well within the five year period. However, the decision necessarily stands for the proposition that execution may issue for the collection of past due installments of a support judgment without the necessity of obtaining a new judgment for the amount of the past due installments. This holding was in accord with the prior decision of the Arizona Supreme Court to the effect that accrued child support payments may not be altered retroactively and that as each installment becomes due it is in the nature of final judgment conclusively establishing the rights and duties of the parties to that judgment. Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995 (1934). See also 24 Am.Jur.2d Divorce and Separation § 863, p. 982.

We do not believe that a contrary result is required by a subsequent decision, Trujillo v. Trujillo, 75 Ariz. 146, 252 P.2d 1071 (1953) wherein our Supreme Court stated that the New Mexico statutory counterpart to A.R.S. § 12–1551[2] would not bar an action brought in Arizona on a New Mexico judgment for child support arrearages that had been rendered on an unrevived New Mexico divorce decree in existence for more than five years. In arriving at its decision the court stated that there could not be a final judgment for past due installments under a support decree until evidence was received and the amount due determined after an order to show cause hearing. However, this statement was not necessary to the court's decision, nor did it form the basis of its holding. The holding was based upon the fact that the defense of limitations had not been asserted in the New Mexico proceeding which resulted in the judgment for arrearages sued upon in Arizona, and that "[d]efendant's right to plead the statute of limitations or any other defense he desired to interpose was limited to the district court of Sandoval County, New Mexico." There is no indication in the Trujillo opinion that the court's attention had been called to its prior opinion in Schuster, or to its other opinions dealing with the finality of past due installments of support. Of course there is always the possibility of a misstatement of the amount due on prior installments of support when application is made for a writ of execution. However the same opportunity for misstatement of the unpaid balance exists with any judgment. The debtor's defense in such a situation consists of prosecuting a motion to

2. N.M.Stat.Ann. § 19–919 (1941).

quash the execution. *See* Hunter v. Hunter, 170 Cal.App.2d 576, 339 P.2d 247 (1959); Bryant v. Bryant, 161 Cal.App.2d 579, 326 P.2d 898 (1958).

■ In accordance with the view stated by the Arizona Supreme Court in Schuster, which view is in accord with a substantial number of other jurisdictions, *see,* Lohman v. Lohman, 29 Cal.2d 144, 173 P.2d 657 (1946); McKee v. McKee, 154 Kan. 340, 118 P.2d 544 (1941); Annot. 70 A.L.R.2d 1250, 1253 (1960), and the cases cited therein, we hold that under the facts of this case the plaintiff's claim for arrearages accuring more than five years prior to the death of the ex-husband are barred from judicial enforcement.

■ In reaching this result, we reject respondent's contention that the real parties in interest in the collection of support arrearages are the minor children, and that accordingly under A.R.S. § 12–502 the defense of limitations is tolled with respect to any claim having accrued during the period the children were under the disability of minority. There can be no question that the parent in whose permanent custody the minor children have been given is the real party in interest in collecting support payments. The principle underlying this view is that the custodial parent has the immediate obligation for the everyday support of the minor children, and support payments are partial defrayals of these expenses. In this connection, a custodial parent may institute a contempt proceeding against a delinquent ex-husband in her own name, Kirby v. Johnson, 188 Ga. 49, 2 S.E.2d 640 (1939), and in such a proceeding it is generally held not necessary for the custodial parent to plead and prove the amount she was required to expend for the support of the minor children during the period of the husband's delinquency. State ex rel. Casey v. Casey, 175 Or. 328, 153 P.2d 700, 704 (1944). *See also* 24 Am.Jur.2d Divorce and Separation §§ 866 and 867 (1966); Annot. 172 A.L.R. 898 (1948).

The issuance by this Court of a mandate herein will constitute an order directing the trial court to grant petitioner's motion for partial summary judgment to the extent that the motion is based upon the statute of limitations.

The relief requested by petitioner is granted.

JACOBSON, P. J., and EUBANK, J., concur.