490 P.2d 1173

**Robert J. LUBBEHUSEN, Appellant,**

v.

**Frances LUBBEHUSEN, Appellee.**

**No. I CA–CIV 1576.**

Court of Appeals of Arizona,
Division 1,

Department A.

Dec. 1, 1971.

Rehearing Denied Dec. 30, 1971.

Review Granted Feb. 8, 1972.

**46**

Michael E. Hurley, Phoenix, for appellant.

Reginald R. Kiefer, Jr., Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal by the appellant, (defendant in the trial court) Robert J. Lubbehusen, from a judgment of the trial court entered against him in the sum of $7,515 for arrearages of alimony payments to his wife and support payments for his four minor children. The appeal is also from an order entered at the same time finding defendant guilty of contempt of court and sentencing him to incarceration in the county jail for 30 days.

The question raised by appellant is that the court lacked jurisdiction to enter the judgment and order because it had no personal jurisdiction over him by reason of the manner in which he was served.

The facts about which there is no dispute can be stated as follows. Appellee (plaintiff) filed her action against appellant (defendant) for divorce, custody of the children, and for alimony and support payments while they were all residents of Maricopa County. For convenience we will refer to the parties as plaintiff and defendant. Defendant was properly served at the time so that the court had personal jurisdiction over him. Both parties entered into a property settlement agreement. Defendant thereafter failed to answer the action or otherwise appear, and the court heard the matter as a default case. On May 24, 1967 the court entered a decree of divorce and ordered, among other things, that defendant pay as support of plaintiff the sum of $200 per month plus $200 per month support for the minor children. Since the decree defendant has lived in New Mexico and has had no contact with Arizona. Plaintiff still resides in Arizona.

On August 7, 1970 plaintiff filed a petition for an order to show cause in re contempt and for arrearages (alleged as $6,832 at that time). The order which issued on that date cited defendant to show cause

why he should not be held in contempt, and also why judgment in the full amount of his arrearages should not be entered, and for attorney's fees and costs. The court directed service on defendant at least three days before the hearing. (It is to be noted that in plaintiff's memorandum reference was made that the attorney for plaintiff had contact regarding the matter of defendant's support payments with an attorney in Silver City, New Mexico who stated he represented defendant; that after the petition was filed and the order to show cause issued they were forwarded to the attorney along with an acceptance of service and waiver of process, with the request that if the attorney did not have authority to accept service he return the instruments. Subsequently the attorney advised plaintiff's attorney that he had forwarded copies of the papers to his client).

The instant and new notice of hearing of the order to show cause was fixed for September 11, 1970 and was personally served on defendant in Grant County, New Mexico, on September 4, 1970. On September 11 defendant's present attorney requested a continuance, to which plaintiff's attorney consented, and the hearing was reset for October 2. There was some agreement between the attorneys at the time of the request for continuance regarding the furnishing of cancelled checks evidencing support payments made by defendant to plaintiff. Were it not for the fact that we are unable to find any minute entry or pleading showing defendant appeared in court requesting the continuance, we would have no difficulty in finding a general appearance by defendant at this point.

On October 1 defendant filed a motion to quash the order to show cause. On the day of hearing, October 2, defendant personally did not appear, but his counsel was present and stated he was appearing specially, and argued the motion to quash. The trial court ruled that there was jurisdiction over the person of defendant and proceeded to hear the evidence. The defense presented no evidence and the matter was taken under advisement. Thereafter the court rendered its decision and signed the written judgment for arrearages and the order sentencing defendant for contempt, which is the subject of this appeal.

The thrust of defendant's argument is that there was no jurisdiction in the court because he was not personally served within the state and that there was no basis for the service which was made outside the state. He contends that the order to show cause in re contempt and the petition for a judgment for the arrearages should have been served in the manner provided for service of summons in Rule 4, Rules of Civil Procedure, 16 A.R.S.

It is defendant's contention that the petition and order are pleadings which assert new or additional claims for relief and come within the last part of the last sentence of Rule 5(a), as amended, Rules of Civil Procedure, 16 A.R.S.[1], which requires service under Rule 4. On the other hand, plaintiff would apply other parts of Rule 5(a), supra, arguing that this is an order required by its terms to be served on defendant which is made to enforce a judgment of the court regarding support payments in a domestic relations case which was obtained after the filing of the com-

---

1. "5(a) Service—When required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appear-ance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." Rules of Civil Procedure, 16 A.R.S.

**48**

plaint. The record shows personal service on defendant of the original complaint and summons at his place of abode in Phoenix.

Defendant specifically urges the service was defective in two respects, the first being that he did not have sufficient contacts within the borders of Arizona to subject himself to the jurisdiction of the court under Rule 4(e) (2) (b), as amended, of the Rules of Civil Procedure, 16 A.R.S., and second, that it was necessary for plaintiff to file an affidavit showing the circumstances warranting the utilization of the procedure under Section 4(e) (1), as amended, Rules of Civil Procedure, 16 A.R.S., of the rule as required by Rule 4(e) (2) (b), supra, which he had failed to do, and that therefore there is no service which would allow the court to make in personam orders.

Conversely, plaintiff urges the inapplicability of these particular rules and contends that in marital actions such as this case the court retains jurisdiction of the parties in an after-judgment proceeding of this nature under A.R.S. § 25-321, and all that is required is that the defendant be given reasonable notice of the hearing. She further contends that the personal service which was present in the instant situation is reasonable in that defendant had an opportunity to be heard and had adequate time to hire counsel, and that in fact his counsel did appear at least once before the hearing and received a continuance. We agree with plaintiff.

■ In this case we are dealing with a situation where the court had personal jurisdiction of the parties in the original suit and the plaintiff is seeking only to enforce the judgment for arrearages. We believe the accepted rule which has been generally followed in our trial courts is that the court has continuing jurisdiction to enforce the judgment when the defendant is in default in the payment of any support money which the judgment requires him to pay. See Bruce v. Froeb, 15 Ariz.App.

306, 488 P.2d 662 (1971). When the proceeding is to ascertain the amount of the judgment due, and by order to show cause enforce it under the court's powers of contempt, reasonable notice of the proceeding is required. See generally 168 A.L.R. 232.

■ Except as may be involved in a custody situation covered by Johnson v. Johnson, 105 Ariz. 233, 462 P.2d 782 (1969), the Arizona court has continuing jurisdiction pursuant to A.R.S. § 25-321 to amend, revise, or alter alimony or child support, and therefore in our opinion, by implication the court also has continuing jurisdiction to reduce arrearages to a money judgment as was sought in this case. This continuing jurisdiction does not provide for a new judgment, but only furnishes a means of effective enforcement of an old judgment. It gives the plaintiff no new right, and adds nothing to the defendant's burden. 168 A.L.R. 232. The question of complying with Rule 4, supra, is therefore not involved.

■ It is necessary now to determine the reasonableness of the notice in this case. The defendant had actual notice of the proceedings. The show cause order was personally served on defendant in accordance with the court's direction. The service, although made in New Mexico, afforded defendant the opportunity to appear in this action, either personally or by attorney, and to show cause why the judgment should not be entered as prayed. In fact, defendant obtained an Arizona attorney and that attorney, according to the memorandum which is not disputed, made an appearance requesting a continuance, intimating he was to be supplied by defendant himself with cancelled support payment checks for determination of arrearages. Therefore, we believe the defendant was given reasonable and proper notice and sufficient opportunity to defend in this action.

Affirmed.

STEVENS, P. J., and CASE, J., concur.