546 P.2d 1139

**Michael CHUDZINSKI, Appellant,**

v.

**Sue Lavonne CHUDZINSKI, Appellee.**

**No. I CA–CIV 2751.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 9, 1976.

Rehearing Denied April 6, 1976.

Kenneth A. Harper, Phoenix, for appellant.

Hash, Cantor & Tomanek, by Terry B. Kiser, Phoenix, for appellee.

OPINION

FROEB, Judge.

Sue and Michael Chudzinski were divorced in 1955. The court awarded custody of the minor child to Sue and provided that Michael pay monthly support to her for and on behalf of the minor child. In 1973, Sue filed a petition for order to show cause in Superior Court to obtain judgment for all amounts of unpaid child support going back to 1955 and to have Michael found in contempt of court for nonpayment. Following a hearing, the court entered judgment against Michael for arrearages in the amount of $3050.00. This amount necessarily included arrearages becoming due more than five years preceding the filing of the petition.

The main issue on appeal is whether monthly support obligations maturing more

than five years preceding the filing of the petition are enforceable.

A.R.S. § 12–1551 provides in substance that a judgment will not be enforced beyond five years from its entry unless it is revived by affidavit or court action. The statute applies to decrees in which support is to be paid in monthly installments as each installment is enforceable as a judgment when it becomes due. *Bruce v. Froeb,* 15 Ariz.App. 306, 488 P.2d 662 (1971); *Robles v. Robles,* 26 Ariz.App. 129, 546 P.2d 1138 (1976). As a consequence, unpaid installments maturing more than five years before the filing of a petition to enforce payment are barred unless they are revived by affidavit or court action in accordance with A.R.S. § 12–1551. Such was not the case here.

Nevertheless, Sue contends that support payments made by Michael *within* the five years preceding the filing of the petition constitute an acknowledgement of the barred obligations which began a new five-year period running. She relies upon *Baures v. Baures,* 13 Ariz.App. 515, 478 P.2d 130 (1970). We do not believe, however, that a judgment barred by the operation of A.R.S. § 12–1551 can be revived by part payment. We reach this conclusion by referring to the language of A.R.S. § 12–1551 itself:

A. The party in whose favor a judgment is given may, at any time within five years after entry of the judgment, have a writ of execution issued for its enforcement.

B. No execution shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is revived by affidavit or an action is brought thereon within five years from the date of the entry.

C. No execution shall issue after death of the judgment debtor unless it is for the recovery of real or personal property or enforcement of a lien thereon.

Unlike a true statute of limitation, the bar of A.R.S. § 12–1551 can be lifted only by the filing of the requisite affidavit or by court action. As the statute is quite specific as to this, we deem it controlling over statutory and common law rules applicable to statutes of limitations. There appears to be a split of authority on this point in other jurisdictions. See 46 Am.Jur., *Judgments,* § 374. See also, annotation "Part payment or promise to pay judgment as affecting the running of the statute of limitations" 45 A.L.R.2d 967. It will be noted, however, that statutory provisions concerning the enforceability of judgments differ widely from state to state.

As a further argument, Sue contends that Michael is estopped from asserting A.R.S. § 12–1551 because of her reliance on his promise to continue paying certain expenses after the minor child reached the age of majority. We reject this contention however, since not only does the record fall short of the necessary showing for estoppel, but it is not, in any event, a legal basis upon which a judgment barred by A.R.S. § 12–1551 can be revived.

In our resolution of the case there is, however, another issue not raised by the parties but deserving of our consideration. This relates to the *allocation* of payments made by Michael *during* the five-year period preceding the filing of the petition. It is the general rule that a debtor may, if he chooses, direct that a payment made by him be applied to one of several obligations owed to the creditor. If he fails to do so, the creditor may apply the payment where he chooses. If the creditor fails to do so, the law will apply the payment to the oldest debt. *Braden Machinery Co. v. Valley National Bank of Arizona,* 19 Ariz.App. 447, 508 P.2d 112 (1973). See also, 60 Am.Jur.2d, *Payment,* §§ 80 through 108. In the present case, there was no evidence of allocation by either Michael or Sue and no express finding either way by the trial court.

Applying these allocation rules to the facts of this case, we begin with the finding made by the trial court that total arrearages were $3050.00. We note from the record that total support payments becoming due within the five years preceding the filing of the petition were equal to $2940.-00. Thus, we may assume that a portion of the arrearages found by the court must necessarily have become due more than five years before the filing of the petition. The question then arises as to which arrearages the trial court applied the payments made during the five-year period preceding the petition, the total of which was $1430.00. If these payments were applied to just those payments becoming due within the five-year period preceding the petition, the unpaid arrearage for that five-year period would be $1510.00 and thus would constitute the maximum recoverable amount because those obligations older than five years would be barred by A.R.S. § 12–1551. Yet, in the absence of findings to the contrary, we assume that the trial court made such findings (and thus such allocations) as are necessary to support its judgment. *Silva v. De Mund,* 81 Ariz. 47, 299 P.2d 638 (1956). We therefore assume that the trial court correctly applied the rules of allocation previously mentioned so as to allocate all of the payments made by Michael within the five years preceding the petition ($1430.00) to support obligations which became due more than five years preceding the petition and were yet unpaid. On this basis, the entire amount of support becoming due within the five years preceding the petition ($2940.00) is unpaid. This is then the proper amount of the judgment to which Sue is entitled. The $110.00 difference between the judgment entered by the trial court ($3050.00) and the amount to which Sue is entitled ($2940.00) represents unpaid support which must necessarily have become due more than five years before the filing of the petition and is barred by A.R.S. § 12–1551. We therefore remand the case for entry of an amended judgment in the sum of $2940.00.

Several other issues raised by the parties deserve mention.

 There is no question but that Sue is the real party in interest in the litigation and is entitled to collect the support payments for and on behalf of the minor child. *Bruce,* supra.

The age of majority was lowered from 21 to 18 on August 13, 1972 by reason of the amendment to A.R.S. § 8–101. See *Stanley v. Stanley,* 112 Ariz. 282, 541 P.2d 382 (1975). Even though the minor child in this case became 18 approximately one year before, the amendment to A.R.S. § 8–101 does not operate retroactively. Thus, Michael owed the obligation of support until August 13, 1972, even though the child was 19 at the time.

Affirmed with remand for entry of amended judgment.

DONOFRIO, P. J., and OGG, J., concurring.