546 P.2d 1138
**Beatrice Marie ROBLES, Appellant,**
v.
**Robert C. ROBLES, Appellee.**
**No. 1 CA–CIV 2862.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 9, 1976.

Robert F. Hughes, Phoenix, for appellant.

James T. Bialac, Phoenix, for appellee.

OPINION

FROEB, Judge.

Beatrice and Robert Robles were divorced in 1957. The court awarded custody of the minor children to Beatrice and provided that Robert pay monthly support to her on their behalf. In 1973, Beatrice filed a petition for order to show cause in Superior Court to obtain judgment for all amounts of unpaid child support going back to 1957 and to have Robert found in contempt of court for nonpayment.

In response to the petition, Robert filed a motion to quash the petition and order to show cause on the ground that the arrearages sought by Beatrice were barred from enforcement by reason of A.R.S. § 12–1551 which provides in substance that a judgment will not be enforced beyond five years from its entry unless it is revived by affidavit or court action. As neither means of revival was alleged, the court granted Robert's motion to quash, thus determining the matter on the pleadings. Beatrice now appeals from the order.

The sole issue is whether unpaid support payments becoming due more than

five years before the filing of the petition can be enforced by the court.

We may assume for the purposes of this appeal that Robert made total support payments *within* the five years preceding the filing of the petition equal to the total support payments which became due during the same period. The petition filed by Beatrice allocates all of the payments made within this period to support obligations becoming due during the same five-year period preceding the filing of the petition. It alleges specific amounts of arrearages for each of the years beginning *more* than five years preceding the petition, going back to 1957.

We hold that the trial court correctly dismissed the petition as the arrearages sought to be enforced were barred by A. R.S. § 12–1551. *Bruce v. Froeb*, 15 Ariz. App. 306, 488 P.2d 662 (1971); *Chudzinski v. Chudzinski*, 26 Ariz.App. 130, 546 P.2d 1139 (filed March 9, 1976).

Beatrice urges us either to distinguish or overrule the *Bruce* case on several grounds, none of which are persuasive.

 Alternatively, Beatrice argues that payments made by Robert *within* the five years preceding the filing of the petition were an acknowledgement and hence a revival of arrearages more than five years old. For this argument she relies upon *Baures v. Baures*, 13 Ariz.App. 515, 478 P.2d 130 (1970). We do not believe, however, that a judgment barred by the operation of A.R.S. § 12–1551 can be revived by part payment. See *Chudzinski,* supra.

We turn, finally, to another question not raised by the parties, but deserving of mention in view of our opinion in the *Chudzinski* case referred to earlier. This relates to the allocation of payments made by Robert *during* the five-year period preceding the filing of the petition. As we stated in *Chudzinski* it is the general rule that a debtor may, if he chooses, direct that a payment made by him be applied to one of several obligations owed to the creditor. If he fails to do so, the cred-

itor may apply the payment where he chooses. If the creditor fails to do so, the law will apply the payment to the oldest debt. *Braden Machinery Co. v. Valley National Bank of Arizona,* 19 Ariz.App. 447, 508 P.2d 112 (1973). See also, 60 Am. Jur.2d, *Payment,* §§ 80 through 108. Unlike *Chudzinski,* where the trial court held a hearing on the substance of the petition and entered a judgment for arrearages in which the principle of allocation could be applied, the judgment of the trial court in this case was based solely on review of the pleadings. As the pleadings in this case removed the issue of allocation by acknowledging that all payments within the preceding five years were allocated to support installments maturing within the same five-year period, the trial court could not consider a different allocation and therefore correctly dismissed the petition.

Affirmed.

DONOFRIO, P. J., and OGG, J., concurring.