NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SHARIE SUE KLIEN, *Petitioner/Appellee,*

*v.*

DAVID RICHARD YORK, *Respondent/Appellant.*

No. 1 CA-CV 15-0543 FC
FILED 3-7-2017

Appeal from the Superior Court in Maricopa County
No.  FC2009-006661
The Honorable Roger L. Hartsell, Judge *Pro Tempore*

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

David Richard York, York, PA
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

¶1          David York (Father) appeals the family court's orders: (1) entering judgment in favor of Sharie Klien (Mother) on a petition to enforce the divorce decree; (2) denying Father's petition to amend his support obligations and hold Mother in contempt; and (3) amending the Income Withholding Order (IWO) for support.[1]  For the following reasons, we dismiss the appeal as it relates to the first two orders, and affirm the order amending the IWO.

## FACTS AND PROCEDURAL HISTORY

¶2          Father and Mother were divorced in June 2010.  In October 2013, the family court held a hearing on Mother's petition for enforcement of the decree and Father's support obligations.  Both Father and Mother testified at the hearing, after which the court found Husband in violation of the decree and entered judgment in favor of Mother for spousal maintenance arrears and unreimbursed medical expenses for the parties' minor child.  Upon Father's request, the parenting time orders were amended in February 2014.  However, his requests to modify his support obligations and hold Mother in contempt for purported fraudulent behavior were denied.

¶3          In May 2015, Mother moved the family court to amend the IWO to correctly identify Father's current employer as the garnishee.  The court scheduled a hearing on Mother's motion for July 6, 2015.  Father did

---

[1]          Mother did not file an answering brief.  Although we may consider such failure a confession of error, we are not required to do so.  *See Hodai v. City of Tucson*, 239 Ariz. 34, 45, ¶ 36 (App. 2016) (citing *In re 1996 Nissan Sentra*, 201 Ariz. 114, 117, ¶ 7 (App. 2001), and *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014)).  Because the record does not contain any indication Father served Mother with either his notice of appeal or opening brief, we, in our discretion, choose to address the merits of Father's appeal.

not appear at the hearing, and the court granted Mother's motion to amend. Father filed a notice of appeal on July 20, 2015.

## JURISDICTION

**¶4**        This Court only has jurisdiction over appeals specifically authorized by statute. *See In re Guardianship of Sommer*, 241 Ariz. 308, 310, ¶ 6 (App. 2016) (quoting *Campbell v. Arnold*, 121 Ariz. 370, 371 (1979)). Thus, we are bound by an independent duty to examine jurisdiction in regard to all appeals that come before us, and, if jurisdiction is lacking, to dismiss the appeal. *In re Marriage of Flores & Martinez*, 231 Ariz. 18, 20, ¶ 6 (App. 2012) (quoting *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991), and citing *Kim v. Mansoori*, 214 Ariz. 457, 459, ¶ 5 (App. 2007)).

**¶5**        Father first seeks review of the family court's October 21, 2013 order entering judgment in favor of Mother on her petition to enforce the decree and February 11, 2014 order affirming his support obligations.[2] The record reflects both the October 2013 and February 2014 orders were certified as final pursuant to Arizona Rule of Family Law Procedure 81(A), signed by a judicial officer, and disposed of all issues then pending before the court. Each order was therefore immediately appealable under Arizona Revised Statutes section 12-2101(A)(2) (2015) as a special order after final judgment. *See Williams v. Williams*, 228 Ariz. 160, 164, ¶ 11 (App. 2011) (citations omitted). But Father did not timely file notices of appeal of those judgments, *see* ARCAP 9(a) (providing a party thirty days from entry of judgment to file a notice of appeal), waiting instead until July 20, 2015 to file a notice of appeal. Therefore, we do not have jurisdiction to review the October 2013 and February 2014 orders. *Edwards v. Young*, 107 Ariz. 283, 284 (1971) ("[W]here the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal.") (citations omitted). The portion of Father's appeal challenging those orders is therefore dismissed.

**¶6**        Father also seeks review of the family court's July 13, 2015 order amending the IWO. The court affirmed those orders in a signed, final judgment dated October 29, 2015. Father timely appealed that order, and we review his claims on the merits. *See* ARCAP 9(c) (treating "[a] notice of appeal . . . filed after the superior court announces an order . . . but before

---

[2]        Within his opening brief, Father incorrectly identifies the orders as entered on October 9, 2012 and January 24, 2014 respectively.

entry of the resulting judgment that will be appealable . . . as filed on the date of, and after the entry of, the judgment").

## DISCUSSION

¶7        In the sole remaining issue on appeal, Father argues the family court erred by addressing Mother's petition to amend the IWO "without regards to proper service." Father does not identify what he believed to have been required of Mother before the court could entertain her request. However, the family court has continuing jurisdiction to enforce a judgment "when the defendant is in default in the payment of any support money which the judgment requires him to pay." *Lubbehusen v. Lubbehusen*, 16 Ariz. App. 45, 48 (1971) (citing *Bruce v. Froeb*, 15 Ariz. App. 306, 308 (1971)). Therefore, formal service is not required where the court "only furnishes a means of effective enforcement of an old judgment . . . giv[ing] the plaintiff no new right, and add[ing] nothing to the defendant's burden." *Id.* Mother's request here was simply to update Father's employer on the IWO so she would continue to receive payments against current and past-due support obligations. It did not give her any right to additional funds, nor burden Father with an additional obligation to pay support, serving only to assist Mother in obtaining support payments already awarded. We must therefore determine only whether Father received reasonable notice of Mother's request.[3]

¶8        The certificate of service attached to Mother's request to amend the IWO states the document was "hand-delivered/ mailed/emailed" to Father at his current address in Pennsylvania. Because the certificate of service does not specify how, precisely, the document was delivered, it is conclusively presumed to have been served by mail. Ariz. R. Fam. L.P. 43(C)(3). And, our supreme court has approved U.S. mail as a method of service for papers upon persons who have previously appeared in a family court action, *see* Ariz. R. Fam. L.P. 43(C)(2), and this method is

---

[3]        Although the family court did not make an express finding as to the reasonableness of notice to Father, this finding was a necessary prerequisite to the granting of relief, *see Endischee v. Endischee*, 141 Ariz. 77, 79 (App. 1984) ("[A] judgment is void . . . if the court rendered it without jurisdiction due to the lack of proper service.") (citing *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980)), and is therefore presumed from the court's order, *Neal v. Neal*, 116 Ariz. 590, 592 (1977) (citing *Porter v. Porter*, 67 Ariz. 273, 282 (1948), and *Myrland v. Myrland*, 19 Ariz. App. 498, 504 (1973)).

presumptively reasonable. Indeed, Father does not allege this method was insufficient to apprise him of Mother's request or even that he did not actually receive the request. The record reflects Father received reasonable notice of Mother's request, and we find no error.

¶9 To the extent Father suggests he was not properly notified of the hearing because the family court mailed the notice of hearing to a previous address in Virginia, we likewise find no error. As a party to a family court action, Father was required to "keep the court apprised of [his] current mailing address[] . . . by notify[ing] the court within ten (10) days of any changes in [his] mailing address." Ariz. R. Fam. L.P. 23. Father was notified of this requirement at the bottom of each order issued from the court. The record reflects Father relocated to Pennsylvania as early as April 3, 2015. Although he knew his support obligations would continue at least through January 2016, and received notice of Mother's request in May 2015, Father did not update his address until August 2015. Because Father did not update his address in accordance with court rules, he accepted the risk that mail sent to him at that address may not reach him. And, a judgment will not be disturbed if acquired because of a party's mere neglect to follow the rules. *See Daou v. Harris*, 139 Ariz. 353, 360 (1984).

**CONCLUSION**

¶10 The family court's order amending the IWO is affirmed.

