## GUTOWSKI *v.* GUTOWSKI.

1. DIVORCE—DECREE—ALIMONY—LIMITATION OF ACTIONS.

   Delinquent instalments of alimony accruing within two years prior to beginning of action in this State are not outlawed although original decree was rendered more than 10 years prior in another State.

2. SAME—DECREE RENDERED IN ANOTHER STATE—FULL FAITH AND CREDIT.

   Decree of divorce rendered in another State, awarding $30 weekly as alimony for support of plaintiff and minor child, is complete and final, is entitled to full faith and credit by courts of this State and does not require order from court rendering original decree adjudging amount due thereunder.

3. SAME—DECREE RENDERED IN ANOTHER STATE—MODIFICATION—STATUTES.

   Defendant has burden of showing modification of original decree as to alimony rendered in court of another State and his rights are fully protected by judgment, accompanied by stay of 60 days, strictly in accordance with statute providing for bringing of action at law in this State on such decree and regulating practice in such cases (3 Comp. Laws 1929, §§ 12771, 12772).

4. EVIDENCE—ALIMONY PAYMENTS.

   Account book containing entries made by plaintiff or her daughter, showing payments of alimony received under the decree was admissible in evidence for whatever it was worth.

Appeal from Wayne; Webster (Arthur), J. Submitted January 11, 1934. (Docket No. 132, Calendar No. 37,617.) Decided March 6, 1934. Rehearing denied April 3, 1934.

* Continued from Vol. 265.

Assumpsit by Marie Gutowski against Arthur Gutowski, also known as Arthur J. Gutow, for sums due under a decree for alimony rendered in another State. Judgment for plaintiff. Defendant appeals. Affirmed.

*J. H. M. Alexander,* for appellant.

BUTZEL, J. On May 17, 1921, the superior court of Cook county, Illinois, granted a decree of divorce to Marie Gutowski against Arthur Gutowski, also known as Arthur J. Gutow, ordering him to pay the sum of $30 each and every week, until further order of the court, as alimony for the support of herself and minor child. Plaintiff brought the instant suit to recover instalments, due under the decree, in Wayne county, Michigan, of which defendant had become a resident. At the time of the trial, plaintiff limited her claim to $2,180, constituting alimony at $30 a week for the period of slightly over the 72 weeks just prior to June 15, 1931, when the present suit was begun. She recovered a judgment for this amount and costs.

Defendant contends that plaintiff is precluded from bringing this suit because it was not instituted until more than 10 years after the date of the original decree. This claim is not tenable. A decree of divorce does not become outlawed in 10 years. The delinquent instalments of the alimony, for which judgment was rendered in the lower court, all accrued within two years prior to the beginning of the present suit and, therefore, were not outlawed. The reasoning in the case of *Buzzn* v. *Muncey Cartage Co.,* 248 Mich. 64, is controlling here.

Defendant further claims that before the trial court could give effect to a decree of the Illinois court, it

was necessary for the plaintiff to present an order from the latter tribunal adjudging the amount due under its original decree. This was unnecessary. The decree of the Illinois court was complete and final and is entitled to full faith and credit by the courts of this State. Defendant contends that the original order of alimony may have been modified by the court which granted it. He, however, produced no evidence to that effect. His rights were fully protected by the judgment rendered, accompanied by a stay of 60 days in accordance with 3 Comp. Laws 1929, §§ 12771, 12772, which provide for the bringing of an action at law on a decree for alimony rendered by a court of another State, and regulating the practice in such cases. The provisions of these statutes were strictly followed.

Plaintiff offered as an exhibit an account book, the entries in which had been made some by herself, others, under her direction, by her daughter. It was kept to show the payments of alimony received under the decree. There was no error in admitting this book for whatever it was worth. Defendant had ample opportunity to offer proof of any payments not entered therein, and to make any countershowing. He failed to introduce any testimony whatsoever.

In view of our affirmance of the judgment for plaintiff, it is unnecessary to discuss the merits of her motion to dismiss the appeal.

The judgment is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.