**WESTERN COACH CORPORATION, an Arizona corporation, Plaintiff,**

**v.**

**Leroy SHREVE, dba Lee's Refrigeration, and Wilson D. Palmer, Clerk of the Superior Court of the State of Arizona, In and For the County of Maricopa, Defendants.**

**No. Civ. 71–644 PHX–CAM.**

United States District Court, D. Arizona.

June 15, 1972.

Henry Jacobowitz, Phoenix, Ariz., for plaintiff.

Edward C. Rapp, of Tupper, Rapp, Salcito & Schlosser, Phoenix, Ariz., for Shreve.

Moise E. Berger, County Atty., Maricopa, by William Carter, Phoenix, Ariz., for Palmer.

## ORDER

MUECKE, District Judge.

Plaintiff alleges among its bases for jurisdiction, the Civil Rights Act, 42 U. S.C. § 1983 and 28 U.S.C. § 1343; the

Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202; and federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff prays that the garnishment laws of the State of Arizona, A.R.S. 12–1571 to 12–1595 inclusive, be declared unconstitutional insofar as they permit prejudgment garnishment without hearing.

Hearing was held on plaintiff's motion for a preliminary injunction on December 20, 1971, and on January 14, 1972 a stipulation was filed and an order entered that the hearing on plaintiff's application for a preliminary injunction be deemed a trial on the merits.

A three-judge court was convened and held a further hearing on the motion for preliminary injunction and the defendants' motion to dismiss. On May 15, 1972, the three-judge court entered an order finding that it lacked jurisdiction to grant injunctive relief, ordering denial of the motions to dismiss insofar as they applied to plaintiff's prayer for declaratory relief, and disbanding the three-judge court.

The parties were then each contacted informally by officers of this Court and were informed that this Court contemplated issuing a declaratory judgment; they were each given an opportunity to request further briefing or hearing on the questions of this Court's jurisdiction to enter a declaratory judgment, as well as the appropriateness of such an order at this juncture of the proceedings. All of the parties reported to this Court that they did not desire an opportunity for further briefing or hearing.

This Court, therefore, finds that this case is in a proper posture for the entry of declaratory judgment on the merits, and further finds that it has jurisdiction to enter such a judgment upon the bases alleged by plaintiff as set forth above.

■■ This Court finds that the constitutional principles underlying the decision in Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S. Ct. 1820, 23 L.Ed.2d 349 (1969), apply with equal force here. Although the court in *Sniadach* found that "summary [garnishment] procedure may well meet the requirements of due process in extraordinary situations.", at p. 338 of 395 U.S., at p. 1821 of 89 S.Ct., we find no such extraordinary situation in prejudgment garnishment of a bank account concerned here. We find that a civil defendant has a right to be informed and to be heard prior to a prejudgment garnishment.

■ Perhaps the most onerous section of the statutes under attack is A.R.S. 12–1575 providing that the "clerk of a court or a justice of the peace shall not make public the fact of filing the complaint or the issuance of a writ of garnishment, . . ." Such provision for non-disclosure permits a civil plaintiff to garnish the defendant's bank account before the defendant has any notice of either the fact that he is being sued or that he is being threatened with garnishment. In effect, the defendant's first notice of the actions against him may occur when a check he writes on his bank account is dishonored.

The Arizona prejudgment garnishment statutes are unconstitutional within the terms of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), wherein Justice Jackson in discussing the individual interest sought to be protected by the Fourteenth Amendment stated:

"This is defined by our holding that 'The fundamental requisite of due process of law is the opportunity to be heard.' (citation). This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."

The Supreme Court of the United States on June 13, 1972 declared the Florida replevin statutes unconstitutional in that they authorize a taking of property without prior opportunity to be heard in contravention of the due process clause of the Fourteenth Amendment

**1138**

in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556; Fuentes v. Faircloth, D.C., 317 F.Supp. 954 below.

In *Fuentes*, the parties had signed a security interest contract providing for repossession. A fortiori, the Arizona garnishment statutes cannot stand under a similar constitutional attack.

This Court, therefore, declares, adjudges and decrees that insofar as the Arizona garnishment statutes A.R.S. 12–1571 to 12–1595 permit prejudgment garnishment without providing the defendant adequate notice and opportunity to be heard, that said statutes violate the due process clause of the Fourteenth Amendment of the United States Constitution.