475 F.2d 754
 WESTERN COACH CORPORATION, an Arizona corporation, Plaintiff-Appellee,
v.
Leroy SHREVE, dba Lee's Refrigeration, and Wilson D. Palmer,
Clerk of the Superior Court of the State of Arizona, in and
for the County of Maricopa, Defendants, Leroy Shreve, dba
Lee's Refrigeration, Defendant-Appellant.
 No. 72-2534.
 United States Court of Appeals,
Ninth Circuit.
 March 6, 1973.
 
 Edward Crehan Rapp, of Tupper, Rapp, Salcito & Schlosser, Phoenix, Ariz., for defendant-appellant.
 Henry Jacobowitz, Phoenix, Ariz., for plaintiff-appellee.
 Before DUNIWAY, HUFSTEDLER and CHOY, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Shreve brought a civil action against the Western Coach Corp. (Western) and sought to attach Western's bank account under Arizona's garnishment laws. Western thereafter instigated a declaratory judgment action asking that the garnishment laws of the State of Arizona, A.R.S. Secs. 12-1571 to 12-1595, be declared unconstitutional insofar as they permit prejudgment garnishment without providing adequate notice and an opportunity for a hearing. The district court, 344 F.Supp. 1136, relying on Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) ruled that the statutes were unconstitutional in that they violated the due process clause of the Fourteenth Amendment of the United States Constitution. We affirm.
 
 
 2
 In Sniadach the Supreme Court decided that a Wisconsin prejudgment wage garnishment statute violated a debtor's right to procedural due process by sanctioning the taking of his property without affording him prior notice and a hearing. Since that decision the validity of various summary prejudgment remedies has been questioned. Some courts have construed Sniadach as setting forth general principles of procedural due process and have struck down such remedies. See Fuentes, supra at 72, Fn. 5, 92 S.Ct. 1983. "Other courts, however, have construed Sniadach as closely confined to its own facts and have upheld such summary prejudgment remedies. [citations omitted]" Fuentes, supra at 73, Fn. 5, 92 S.Ct. at 1990.
 
 
 3
 But any doubts about the reach of Sniadach have been eliminated by the decision in Fuentes, in which the Court held that Florida and Pennsylvania prejudgment replevin statutes were invalid because they did not provide for a hearing prior to the deprivation. The Court made it clear that Sniadach stood for a general principle that the right to notice and a hearing must be granted at a time when the deprivation can still be prevented. Fuentes, supra at 81, 92 S.Ct. 1983. Moreover, the fact that the state provided remedies that permitted a later recovery of seized property or damages for wrongful deprivation does not eliminate the need for a prejudgment hearing. Fuentes, supra at 81-2, 92 S.Ct. 1983.
 
 
 4
 The Court also noted that while its prior rulings involved necessities such as wages and welfare benefits, "[i]n none of those cases did the Court hold that this most basic due process requirement is limited to the protection of only a few types of property interests." Fuentes, supra at 89, 92 S.Ct. at 1998.
 
 
 5
 While there are some extraordinary situations that justify postponing notice and an opportunity for a hearing, the instant case does not present such an unusual situation. See generally, Fuentes, supra part VI.
 
 
 6
 The Arizona garnishment laws do not comply with the constitutional due process requirement.
 
 
 7
 Affirmed.