**Howard I. HALPERN**

v.

**D. H. AUSTIN, Individually and in his capacity as Clerk of the Civil Court of Fulton County, Georgia, et al.**

**Civ. A. No. C74-315A.**

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 20, 1974.

Martin M. Pollack and Gus H. Small, Jr., of Lipshutz, Macey, Zusmann & Sikes, Nancy S. Cheves of Atlanta Legal Aid Society, Atlanta, Ga., for plaintiff.

Charles F. Reeves, of Patrick, Sidener, Bryant & Hamner, East Point, Ga., for defendant Austin.

Martin H. Peabody and John R. Martin of Alston, Miller & Gaines, Atlanta, Ga., for defendant Price.

Gerstein, Carter & Chesnut, Doraville, Ga., for defendant Mrs. Halpern.

Before BELL, Circuit Judge and O'KELLEY and FREEMAN, District Judges.

O'KELLEY, District Judge:

The plaintiff has invoked federal jurisdiction under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3) and (4), requesting injunctive relief restraining the defendants from acting under Ga.Code § 30–204 and §§ 46–101, 46–102,[1] and for a declaratory judgment under 28 U.S.C. §§ 2201, 2202, declaring the provisions of the Georgia Code unconstitutional. As the constitutionality of state statutes is involved, and the question raised is substantial, a three-judge court has been convened pursuant to 28 U.S.C. § 2281.

The undisputed facts show that on December 19, 1967, in Halpern v. Halpern, No. B–32847 (Super.Ct. of Fulton Co., Ga., Dec. 19, 1967), a final judgment and decree of divorce was granted between the plaintiff in the pending action, Howard Halpern, and a defendant in this action, Mrs. Ronnie Halpern. Incorporated within this divorce decree was a settlement agreement wherein, among other provisions, Howard Halpern agreed to pay Mrs. Halpern $425 per week as alimony and support of their two minor children. The "Final Judgment and Decree" of the Superior Court recites that the settlement agreement is part of the final judgment of the court.

Plaintiff in this action failed to make alimony payments to Mrs. Halpern as they came due, and, on January 3, 1974, Mrs. Halpern's counsel filed an affidavit executed by defendant in the Fulton County Superior Court for the purpose

---

1. The provisions of the Georgia Code attacked as being unconstitutional in violation of the due process clause of the fourteenth amendment provide:

"§ 30–204. Revision and enforcement of order allowing alimony.—The order allowing alimony shall be subject to revision by the court at any time, and may be enforced either by writ of fieri facias or by attachment for contempt against the person of the husband. A failure to comply with the order shall not deprive the husband of his right either to prosecute or defend his cause.

"§ 46–101. Right to writ; wages exempt until after final judgment.—In cases where suit shall be pending, or where judgment shall have been obtained, the plaintiff shall be entitled to the process of garnishment under the following regulations: Provided, however, no garnishment shall issue against the daily, weekly or monthly wages of any person residing in this State until after final judgment shall have been had against said defendant: Provided, further, that the wages of a share cropper shall also be exempt from garnishment until after final judgment shall have been had against said share cropper: Provided, further, that nothing in this section shall be construed as abridging the right of garnishment in attachment before judgment is obtained.

"§ 46–102. Affidavit; necessity and contents. Bond.—The plaintiff, his agent, or attorney at law shall make affidavit before some officer authorized to issue an attachment, or the clerk of any court of record in which the said garnishment is being filed or in which the main case is filed, stating the amount claimed to be due in such action, or on such judgment, and that he has reason to apprehend the loss of the same or some part thereof unless process of garnishment shall issue, and shall give bond, with good security, in a sum at least equal to double the amount sworn to be due, payable to the defendant in the suit or judgment, as the case may be, conditioned to pay said defendant al costs and damages that he may sustain in consequence of suing out said garnishment, in the event that the plaintiff shall fail to recover in the suit, or it shall appear that the amount sworn to be due on such judgment was not due, or that the property or money sought to be garnished was not subject to process of garnishment. No person shall be taken as security on the bond who is an attorney for the plaintiff or a nonresident unless the nonresident is possessed of real estate in the county where the garnishment issues of the value of the amount of such bond."

of obtaining a fi. fa. pursuant to Ga. Code § 30–204 for past due alimony and child support in the amount of $15,300. On the basis of Mrs. Halpern's affidavit, defendant Price, in her capacity as Clerk of the Superior Court, issued a fi. fa. in the amount of $15,300.

On January 10, 1974, counsel for Mrs. Halpern caused a garnishment proceeding to be instituted against plaintiff, Howard Halpern, in the Civil Court of Fulton County, pursuant to Ga.Code § 46–101, to collect amounts due under the December 19, 1967, divorce judgment. The garnishment sought to attach plaintiff's wages owed to him by his employer, Frank Scroggins, receiver for American Food Purveyors, Inc. A successor garnishment proceeding was instituted on February 14, 1974, seeking to attach additional wages then due plaintiff.

On February 26, 1974, plaintiff filed a complaint in this court attacking Ga. Code § 30–204 and §§ 46–101, 46–102 as being unconstitutional in that these provisions provide for the deprivation of property without due process of law. Plaintiff also sought a temporary restraining order against defendant Austin, Clerk of the Civil Court of Fulton County, and defendant Price, Clerk of the Superior Court of Fulton County, to restrain enforcement of the garnishment. This motion was denied, and the present three-judge court was convened.

The basis of plaintiff's claim is that the judgment for alimony used as a predicate for a garnishment action is entirely different from the ordinary judgment upon which execution may lie. Unlike the ordinary judgment, the 1967 divorce decree does not entitle Mrs. Halpern to an unconditional sum certain. Rather, both parties have rights and duties under the decree which may result in the termination of alimony payments.[2] Under the garnishment procedure provided for in Ga.Code § 30–204

and § 46–101 et seq., plaintiff does not have the opportunity to assert any defense to an arrearage in alimony payments except through the posting of a bond and then only after his wages are garnisheed. Such a procedure, it is argued, is analogous to a pre-judgment garnishment, which has been determined to be unconstitutional under Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

 The question presented with respect to plaintiff's constitutional claim is whether procedural due process, in the context of the facts presented, requires an opportunity for a hearing before the state authorized garnishment of wages based upon a prior judgment establishing the applicant's entitlement to alimony. We have concluded that this question must be answered adversely to the plaintiff.

Ga.Code § 46–102 outlines the procedure which a judgment creditor follows in order to have garnishment process issue. The requisite procedure includes the filing of a bond and sworn affidavit as to the amount due under the judgment. After service upon the garnishee, a dissolution bond may be filed by the judgment debtor. The filing of this bond dissolves the garnishment, and the judgment creditor's remedy is on the bond. The giving of the bond also changes the parties by changing the issue from one between the judgment creditor and garnishee to one between the judgment debtor and judgment creditor. Rainey v. Eatonton Co-operative Creamery Co., 69 Ga.App. 547, 26 S.E.2d 297 (1943). At this time any defense which the judgment debtor may have to avoid payment on the judgment may be judicially determined.

 In examining this statutory procedure, recent Supreme Court decisions mandate that consideration be given to

2. An examination of the settlement agreement upon which the judgment is based shows that the $425 per week alimony payment is conditioned upon Mrs. Halpern's remarriage, the children's becoming self-supporting or reaching the age of 22, etc. A collateral agreement subsequently entered into contains additional conditions.

Georgia's interest in effective regulation of the collection of alimony and support through use of the judicial process. *cf.* Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). The ambulatory nature of a Georgia alimony judgment is a recognition that support is not the duty of a debtor arising in a commercial transaction but, rather, is a continuous obligation providing for the welfare of a former wife and children. Likewise, by the terms of the alimony decree in question, it was fully adjudicated that Mr. Halpern is liable to make alimony payments in installments. By the nature of the judgment he was notified that the installments may be collected by garnishment unless he takes the initiative of showing that new conditions have arisen justifying a change in terms. This merely reflects the state policy requiring the husband to affirmatively show that a duty created by a valid decree has ended. Any other result, requiring additional notice and hearing before garnishment, will result in shifting the burden to the wife which the original divorce decree places upon the husband.

Notwithstanding the state's interest in the collection of alimony judgments, plaintiff urges that under the rationale of Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), this procedure is unconstitutional. In *Sniadach*, pursuant to a Wisconsin statute, the clerk of the court issued a summons at the request of a creditor, who, by serving the garnishee employer, froze the debtor's wages. The creditor was then allowed ten days after garnishment in which to serve a summons and complaint upon the debtor. The frozen wages would be released to the debtor if trial on the main suit were held and the debtor won on the merits. On these facts the question was whether the interim freezing, without the prior opportunity to be heard, was a taking of property without due process of law. The Supreme Court held that it was such a taking. In reaching its decision, the Court, while noting instances where vital creditor or state interests justify summary procedures without a hearing, emphasized the tremendous hardship pre-judgment garnishment visits upon a wage earner as well as the undue leverage held by creditors. As stated by Justice Douglas in the majority opinion:

> A procedural rule that may satisfy due process for attachments in general . . . does not necessarily satisfy procedural due process in every case. . . . We deal here in wages—a specialized type of property presenting distinct problems in our economic system.

*Id.* at 340, 89 S.Ct. at 1822.

Although the exact limits of this specialized property concept has remained clouded, the principal meaning of due process is clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must be notified." Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233, 17 L.Ed. 531 (1863). Furthermore, notice and opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965); *see also* Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The rationale of these decisions is best explained by Justice Harlan, who, in his concurring opinion in *Sniadach*, stated:

> I think that due process is afforded only by the kinds of 'notice' and 'hearing' which are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property or its unrestricted use. I think this is the thrust of the past cases of this Court.

395 U.S. at 343, 89 S.Ct. at 1823.

Applying these principles to the instant case, the court finds that the 1967 divorce decree and alimony judgment as a basis for the garnishment establishes "the *validity*, or at least the *probable va-*

*lidity,* of the underlying claim against" plaintiff before he was deprived of his property. *Id.* (emphasis added). Although the judgment can be modified, defenses to its payment may arise, or other contingencies may occur, there is still the prior judicial determination of the existence of the alleged debt where plaintiff obtained a hearing. This would appear to satisfy Endicott-Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924), often cited for the proposition that due process does not require that notice and opportunity for a hearing be afforded a judgment debtor before garnishment. *See also* Moya v. DeBaca, 286 F.Supp. 606 (D.N.M.1968), appeal dismissed per curiam, 395 U.S. 825, 89 S.Ct. 2136, 23 L.Ed.2d 740 (1969). At issue in *Endicott* was the constitutional validity of a code provision providing for the garnishment, without notice, of the assets of a judgment debtor. It was argued that the statute was in conflict with the fourteenth amendment by not providing for notice and an opportunity for a hearing. The Court held the statute not to be in conflict with the due process clause, noting:

> The established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment.

*Id.* at 288 of 266 U.S., at 62 of 45 S.Ct. While the Supreme Court, in Hanner v. DeMarcus, 389 U.S. 926, 88 S.Ct. 288, 19 L.Ed.2d 277 (1968), apparently granted certiorari to reconsider *Endicott,* it later dismissed the writ as improvidently granted. 390 U.S. 726 (1968). Although there is intimation that the *Endicott* rule may be limited by future decisions, the case leads us to the conclusion that the present statutes in issue satisfy due process because the debtor is on constructive notice, having received a

hearing in the primary adjudication of the underlying claim. The conditional nature of a judgment for alimony does not change this, as the final judgment placed the burden of taking the initiative in avoiding the judgment's effects upon the husband. Requiring additional notice and hearing before garnishment will result in shifting this burden to the wife which the original decree places upon the husband. This court will not strike down a state statutory scheme which announces the state policy requiring the husband to affirmatively show that a duty created by a valid decree has ended. Accordingly, absent special circumstances, *Sniadach* and its progeny should be limited to pre-judgment summary seizures and not be expanded into the post-judgment realm.

For the foregoing reasons, the Clerk is ordered to enter judgment in favor of the defendants denying both injunctive and declaratory relief.