568 P.2d 1078

Antonio Y. SANCHEZ, Jr., Petitioner,

v.

The Honorable James C. CARRUTH, Judge of the Superior Court of the State of Arizona in and for the County of Pima, Respondent,

and

Isabel SANCHEZ, Real Party in Interest.

No. 2 CA–CIV 2508.

Court of Appeals of Arizona, Division 2.

April 14, 1977.

Rehearing Denied May 26, 1977.

Review Denied June 21, 1977.

Law Offices of John Wm. Johnson by Christopher Paul Tabing, Tucson, for petitioner.

Stompoly & Even, P. C. by Timothy Kevin McPike, Tucson, for real party in interest.

OPINION

HATHAWAY, Judge.

Does procedural due process, under the circumstances of this case, require that petitioner be afforded an opportunity for a hearing prior to garnishment of his wages, based upon a prior judgment establishing his obligation to pay child support? That is the question presented in this special action. The respondent court decided this question

adversely to petitioner and we agree with its ruling. Although we find no basis for appellate intervention, since it appears that the question is plaguing both bench and bar and is frequently arising, we consider it appropriate to resolve it by formal, written opinion.

A decree of the Pima County Superior Court entered on April 7, 1964 dissolved the marriage of Mr. and Mrs. Sanchez and required Mr. Sanchez to pay child support to Mrs. Sanchez in the amount of $175 per month for the support of the four minor children of the parties. On December 14, 1976, Mrs. Sanchez caused a writ of garnishment to be issued to Mr. Sanchez' employer, based upon her claim that pursuant to the dissolution decree Mr. Sanchez was indebted to her in the sum of $3,252.42. Mr. Sanchez subsequently filed a motion to quash the writ of garnishment on the grounds that the decree, providing for monthly child support payments, was not a "judgment" which would support the garnishment proceedings. The motion to quash was denied, the court noting that satisfaction of the underlying monthly "judgment" for child support had not been raised.

In *Jarvis v. Jarvis*, 27 Ariz.App. 266, 553 P.2d 1251 (1976), Division One of this court held that a petitioning spouse is entitled, as a matter of law, to a written judgment for the full amount of child support or alimony arrearages when such amount has been determined by the trial court. In reaching this conclusion, the court pointed out that "[e]ach installment as it becomes due is in the nature of a final judgment conclusively establishing the rights and duties of the parties to that installment," citing *Adair v. Maricopa County Superior Court*, 44 Ariz. 139, 33 P.2d 995 (1934). Furthermore, execution may issue for the collection of past due installments of a support judgment without the necessity of obtaining a new judgment for the amount of the past due installments. *Bruce v. Froeb*, 15 Ariz.App. 306, 488 P.2d 662 (1971); *Schuster v. Merrill*, 56 Ariz. 114, 106 P.2d 192 (1940).

We are of the opinion that since support payments may not be altered retroactively and since each installment as it becomes due is in the nature of a final judgment, Mrs. Sanchez occupied the position of a judgment creditor and could avail herself of all remedies available to judgment creditors. *Ediger v. Ediger*, 206 Kan. 447, 479 P.2d 823 (1971); *Green v. Green*, 168 Colo. 303, 451 P.2d 283 (1969); 24 Am. Jur.2d Divorce and Separation, § 709. See also, *Herring v. Herring*, 138 Ga.App. 145, 225 S.E.2d 697 (1976), which recognizes the availability of garnishment for enforcement of child support arrears under a divorce decree.

Contrary to petitioner's position, we do not believe that the rationale of *Sniadach v. Family Finance Corporation of Bay View*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and its progeny, mandate a contrary conclusion. We agree with the rationale of *Halpern v. Austin*, 385 F.Supp. 1009 (N.D.Ga.1974), wherein a three-judge court upheld the Georgia execution and garnishment statutes against a divorced husband's attack. The complainant's position was that a judgment for alimony used as a predicate for a garnishment action is entirely different from the ordinary judgment upon which execution may lie. He argued that the Georgia garnishment procedure was analogous to a prejudgment garnishment, thus unconstitutional under *Sniadach, supra*. The federal court rejected his argument and held that procedural due process did not require an opportunity for a hearing before the state could authorize garnishment of wages based upon a prior judgment establishing the garnishor's entitlement to alimony. The court found that the 1967 divorce decree and alimony judgment as a basis for the garnishment established the validity, or at least the probable validity, of the underlying claim against the husband before he was deprived of his property. It quoted from Justice Harlan's concurring opinion in *Sniadach* :

I think that due process is afforded only by the kinds of 'notice' and 'hearing'

which are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property or its unrestricted use." 89 S.Ct. 1823.

We agree with the *Halpern* court that notwithstanding the divorce decree can be modified, defenses to its payment may arise, or other contingencies may occur, Mr. Sanchez has already had a hearing at which it was judicially determined that he had an obligation to pay $175 per month for child support. We see no distinction between the situation presented here and a judgment decreeing the payment of a sum certain—in both instances the obligation has been judicially determined and in either situation if the obligation has been satisfied, the obligor's remedy is by motion to quash. We approve the following language in *Halpern,* *supra* :

". . . [T]he present statutes in issue satisfy due process because the debtor is on constructive notice, having received a hearing in the primary adjudication of the underlying claim. The conditional nature of a judgment for alimony does not change this, as the final judgment placed the burden of taking the initiative in avoiding the judgment's effects upon the husband. Requiring additional notice and hearing before garnishment will result in shifting this burden to the wife which the original decree places upon the husband. This court will not strike down a state statutory scheme which announces the state policy requiring the husband to affirmatively show that a duty created by a valid decree has ended. Accordingly, absent special circumstances, *Sniadach* and its progeny should be limited to pre-judgment summary seizures and not be expanded into the post-judgment realm." 385 F.Supp. at 1013.

Petitioner impugns the efficacy of the *Halpern* rationale because of the United States Supreme Court decision in *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). This latter case is merely an offspring of *Sniadach* and strikes down the Georgia garnishment statute for failure to provide notice and hearing in a pre-judgment situation. It therefore provides no ammunition for petitioner's attack.

For the reasons we have stated, the respondent court did not err in concluding garnishment was an appropriate means for enforcing the child support provisions of the divorce decree without notice and opportunity for hearing.

Relief denied.

HOWARD, C. J., and RICHMOND, J., concur.