654 P.2d 32

Marjorie Ann HUGGINS,
Plaintiff-Appellee,

v.

William F. DEINHARD,
Defendant-Appellant.

No. 1 CA–CIV 5286.

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 19, 1982.

Fred J. Pain, Jr., Scottsdale, and Peter A. Guerrero, Phoenix, for plaintiff-appellee.

Thur & Preston by George Preston, Calvin C. Thur, Scottsdale, for defendant-appellant.

OPINION

BROOKS, Judge.

This is an appeal from a judgment in which the trial court utilized the Arizona garnishment procedures to provide a remedy for a mother (appellee) residing in California, who was attempting to collect unpaid child support from her ex-husband (appellant) under a California divorce decree. A writ of garnishment was issued against appellant's bank account in Arizona.

The following issues have been presented for review:

1. Is an order for the payment of child support rendered by a California court entitled to full faith and credit in the Arizona courts as to child support payments which are past-due and not subject to modification?

2. Does *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), prevent an Arizona court from obtaining jurisdiction through garnishment procedures against the bank account of a nonresident defendant in an action based on a California judgment for child support?

3. Was the writ of garnishment which was used to obtain *quasi in rem* jurisdiction issued pursuant to an unconstitutional garnishment statute?

4. Did the trial court err in refusing to quash the writ of garnishment on the grounds that the affidavit supporting the writ contained false and inconsistent statements?

5. Did the trial court err in finding that there were no material facts precluding summary judgment?

The facts necessary for our determination are as follows: On June 16, 1961, a final judgment of divorce was filed in the State of California which dissolved the marriage of William F. Deinhard, Jr. (appellant) and Marjorie Ann Deinhard (appellee). The judgment incorporated the terms of an interlocutory decree which had ordered that appellant pay to appellee the sum of $40.00 per month for the support and maintenance of each of their five children.

In June, 1965, appellant moved to London, England. Appellant alleged that his parents fulfilled his support obligations while he was in England. Appellee admitted receiving money from appellant's parents but contended that these payments constituted gifts and did not fulfill appellant's support obligations.

In June, 1975, appellant opened an account at the Valley National Bank in Mesa, Arizona by sending the sum of $21,631.50 from his home in London. This bank account was to be appellant's only contact with the State of Arizona. Upon receipt of the funds, the bank erroneously credited the deposit to the account of appellant's father, William F. Deinhard, Sr., who was deceased. The bank notified appellee of the deposit because she was the executrix of the estate of appellant's father. Appellee thereafter filed an action in Maricopa County, Cause No. C–319916, to obtain the money on behalf of the estate.[1] Appellant later moved from London to the State of New Jersey.

On March 25, 1976, appellee caused an order to be filed in the superior court of the State of California which found that appellant was in arrears in his support payments and ordered that a writ of execution issue in the sum of $13,387.50 principal and $8,094.45 interest in favor of appellee and against appellant.[2]

---

1. Appellant contested this suit, arguing that the money belonged to him, and brought a counterclaim against appellee and the bank for abuse of process and malicious interference with his bank account. Appellee eventually admitted that the monies did not belong to her as executrix. Appellant recovered a judgment against appellee on his counterclaim. *See Huggins v. Deinhard,* 127 Ariz. 358, 621 P.2d 45 (App. 1980).

2. By pretrial order filed July 5, 1978, the trial court found that the arrearage judgment of March 25, 1976 was not entitled to full faith and credit because the judgment was entered without notice to the appellant and was therefore void for want of due process. The trial court noted that the judgment of divorce entered in 1961 was the judgment which must be given full faith and credit. The propriety of the court's determination that the March 25, 1976 judgment was not entitled to full faith and

On May 17, 1976, a complaint was filed in the Maricopa County Superior Court (Cause No. C–332987) requesting that the California divorce decree of June 16, 1961 be established as an Arizona judgment and that garnishment issue against appellant's account at the Valley National Bank. On this same date, appellee filed an application for an order authorizing the issuance of a writ of garnishment against the Valley National Bank.[3]

The writ was issued by the court and on June 9, 1976, appellant was personally served in Closter, New Jersey with a copy of the Complaint and Summons, together with the writ of garnishment.

Appellant specially appeared on July 9, 1976 and filed a motion to dismiss appellee's complaint and requested an order quashing the writ of garnishment. Appellant alleged, among other things, that the trial court lacked jurisdiction over appellant and that it also lacked jurisdiction over the subject matter. The trial court denied appellant's motion on September 15, 1976.

On March 8, 1977, appellee filed a motion for summary judgment to establish the California divorce decree as an Arizona judgment. By minute entry dated April 12, 1977, the trial court granted partial summary judgment to appellee, ordering that the California decree of divorce be established as an Arizona judgment.

On June 29, 1978, appellee filed another motion for summary judgment, alleging that appellant had not made the past-due child support payments and that he had no competent evidence that his parents had made the payments on his behalf. The trial court denied this motion by memorandum opinion and order filed September 13, 1978, indicating that there might be a method by which appellant could obtain proof that his parents had made the payments on his behalf and that he should be given an opportunity to obtain such evidence. At this

credit is not before us. The issue which is before us is whether the trial court properly granted full faith and credit to the 1961 divorce decree as to past-due child support payments.

time, both of appellant's parents were deceased.

Appellee thereafter renewed her motion for summary judgment and on August 30, 1979, a formal judgment was filed in which the trial court granted appellee's motion. The court found as a matter of law that appellant had not met his burden of presenting competent evidence that he or his parents had paid the child support as ordered. This appeal followed.

Appellant relies on two theories in his argument that the trial court erred in issuing the writ of garnishment against his bank account. First, he contends that the trial court erred in giving full faith and credit to the California judgment of divorce. He argues that appellee must first obtain a valid judgment in the *California* courts that he was in arrears for a sum certain in order for the Arizona courts to take proper notice that he is a debtor of appellee. Second, relying on *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed. 2d 683 (1977), appellant contends that he has not had sufficient minimum contacts with Arizona such that the Arizona courts may assert jurisdiction over him or his bank account.

■ The law is clear in circumstances such as the present case that a divorce decree ordering child support must be afforded full faith and credit as to those payments that have accrued and are not subject to modification.

Where under the law of the state where the decree for alimony is rendered, the power of the court to modify the decree does not extend to installments that have already accrued ... and the decree is not modified before the accrual of the installments, it is entitled to full faith and credit at the forum as to such accrued installments.

3. On August 20, 1976 appellant filed another action (Cause No. C–337648) under the Uniform Enforcement of Judgments Act which was consolidated with Cause No. C–332987. Cause No. C–337648 was dismissed by the trial court by reason of pendency of Cause No. C–332987.

157 A.L.R. 170, 175. The courts uniformly support this position. *See, e.g., Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Desjardins v. Desjardins,* 193 F.Supp. 210 (E.D.Ky.1961); *Morse v. Morse,* 3 Misc.2d 163, 153 N.Y.S.2d 957 (1956); *Cohen v. Cohen,* 158 Fla. 802, 30 So.2d 307 (1947); *Biewend v. Biewend,* 17 Cal.2d 108, 109 P.2d 701 (1941); *Taylor v. Taylor,* 122 Cal.App.3d 209, 175 Cal.Rptr. 716 (1981). Nor is this rule changed simply because the rendering state has not adjudicated the amount due under its decree. *Gutowski v. Gutowski,* 266 Mich. 1, 253 N.W. 192 (1934).

Justice Traynor set forth the following concise statement of the law in *Biewend v. Biewend, supra* at 703:

An order for the payment of money as alimony rendered by a court of competent jurisdiction in one state must be recognized by all other states under the full faith and credit clause of the United States Constitution as to all accrued installments not subject to modification by the court rendering the original order.

Only if such accrued payments are still subject to modification may recovery be denied.

[Citations omitted].

The pertinent California statute regarding the finality of a judgment ordering child support, California Civil Code § 4700(a) (Supp.1982), provides in part as follows:

Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke. . . .

■ The record does not reveal that any motion or order to show cause to modify or revoke the child support order has been filed in California. It is clear from the language of § 4700(a) of the California Civil Code that the amount of child support which is past due is not subject to modification. Accordingly, we find that as to accrued child support, the judgment of divorce which ordered support is final and entitled to full faith and credit in the Arizona courts.

With regard to appellant's argument that he has not had sufficient contacts with Arizona such that the Arizona courts may assert jurisdiction over this matter, we note that *Shaffer v. Heitner* is distinguishable from the present case. *Shaffer* dealt with a Delaware sequestration statute which was utilized to confer *quasi in rem* jurisdiction on the Delaware court so that the court could determine the rights between the parties as an original matter. The Supreme Court held that the presence of the property alone, absent other ties among the defendant, the state, and the litigation, would not support the state's jurisdiction.

The present case is distinguishable from *Shaffer* in that a California court, with *in personam* jurisdiction over appellant, has entered a judgment setting forth appellant's child support obligations to appellee. Appellee requests that the Arizona courts give full faith and credit to those portions of the California judgment which have become final so that she may reach the assets which appellant has placed in his Arizona bank account. The Supreme Court distinguished the present factual situation from the *Shaffer* case as follows:

Moreover, we know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which his creditor cannot obtain personal jurisdiction over him. The Full Faith and Credit Clause, after all, makes the valid *in personam* judgment of one State enforceable in all other States.

*Id.* at 210, 97 S.Ct. at 2583, 53 L.Ed.2d at 702. In a footnote to that statement, the Court added:

Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter. . . .

*Id.* n. 36.

■ As to the garnishment itself, the appellee filed an affidavit stating facts suf-

ficient to authorize the service of the writ of garnishment on the Valley National Bank pursuant to A.R.S. § 12–1573. When it was determined that the bank was indeed indebted to the appellant, the trial court acquired *quasi in rem* jurisdiction over the bank account. *First National Bank & Trust Company v. Pomona Machinery Co.,* 107 Ariz. 286, 486 P.2d 184 (1971).

■ We find that *Shaffer* did not prevent the trial court from asserting *quasi in rem* jurisdiction over the bank account. The California court having had *in personam* jurisdiction over both parties, its judgment ordering payment of child support is entitled to full faith and credit in any state as to those payments which are past-due and not subject to modification and there is no unfairness in allowing appellee to realize on that debt in Arizona where appellant has property, whether or not the Arizona court would have jurisdiction to determine the existence of the debt as an original matter. *Shaffer v. Heitner, supra* at 210 n. 36, 97 S.Ct. at 2583 n. 36, 53 L.Ed.2d at 702 n. 36. *See also Rich v. Rich,* 93 Misc.2d 409, 402 N.Y.S.2d 767 (1978) (*Shaffer v. Heitner* does not interdict *quasi in rem* jurisdiction obtained through attachment proceedings against a non-resident defendant in an action for child support arrearages).

Appellant's next argument is based on the fact that Arizona's garnishment statutes (A.R.S. §§ 12–1571 et seq.) have been held to be unconstitutional insofar as they purport to allow prejudgment garnishment without affording the debtor an opportunity for a pregarnishment hearing as to the genuineness of the plaintiff's claim. *See Western Coach Corp. v. Shreve,* 344 F.Supp. 1136 (D.Ariz.1972), aff'd 475 F.2d 754 (9th Cir.1972); *First Recreation Corporation v. Amoroso,* 113 Ariz. 572, 558 P.2d 917 (1976); *Turf Irrigation and Waterworks Supply v. Mountain States Telephone and Telegraph Company,* 24 Ariz.App. 537, 540 P.2d 156 (1975). Appellant reiterates the contention made in the trial court that since he did not receive prior notice of appellee's application for the writ of garnishment, and was not given an opportunity to contest its issuance,

he had been deprived of an interest in property contrary to the due process clause of the Fourteenth Amendment to the United States Constitution.

In the early case of *Endicott-Johnson Corp. v. Encyclopedia Press,* 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924), the United States Supreme Court considered the issue of whether a postjudgment garnishment procedure, available to a judgment creditor without further notice of hearing to a judgment debtor, was violative of due process of law. The *Endicott* court held that due process did not require that notice and opportunity for hearing be afforded a judgment debtor before postjudgment garnishment was effectuated.

■ It is true that in such cases as *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the United States Supreme Court has struck down, as violative of due process, *prejudgment* garnishment and replevin procedures which did not afford the asserted debtor an opportunity to litigate the underlying claim against him prior to seizure of his assets. The instant case, however, involved *postjudgment* garnishment procedures. The underlying judgment was obtained after proceedings in which appellant had an adequate opportunity to be heard. We know of no authority holding that, after judgment, due process of law requires that additional opportunities for notice and hearing must be offered a judgment debtor, such as appellant, before a writ of garnishment may be issued.

We note that in *Sanchez v. Carruth,* 116 Ariz. 180, 568 P.2d 1078 (App.1977), Division Two of this Court held that garnishment is an appropriate means of enforcing child support provisions of a divorce decree. In that case, the Court approved the following language from *Halpern v. Austin,* 385 F.Supp. 1009, 1013 (N.D.Ga.1974):

[T]he present statutes in issue satisfy due process because the debtor is on construc-

tive notice, having received a hearing in the primary adjudication of the underlying claim. The conditional nature of a judgment for alimony does not change this, as the final judgment placed the burden of taking the initiative in avoiding the judgment's effects upon the husband. Requiring additional notice and hearing before garnishment will result in shifting this burden to the wife which the original decree places upon the husband. This court will not strike down a state statutory scheme which announces the state policy requiring the husband to affirmatively show that a duty created by a valid decree has ended. Accordingly, absent special circumstances, *Sniadach* and its progeny should be limited to pre-judgment summary seizures and not be expanded into the post-judgment realm.

*Sanchez v. Carruth, supra* at 182, 568 P.2d at 1080.

■ Similarly, in the present case, appellant's obligation of child support has been judicially determined and if he wishes to show that the obligation has been satisfied, his remedy is by a motion to quash the writ of garnishment. We note that appellant was given personal notice of the garnishment, that he had hearings on his motion to dismiss the complaint and the writ of garnishment, and that he had an opportunity to present any defenses (payment of the obligations) he may have had to the issuance of the writ. We can find no error in the garnishment procedures employed or in the trial court's denial of appellant's motion to quash.

■ Appellant's next argument is based on his allegation that appellee's writ of garnishment contained false and inconsistent statements. He contends that the writ should therefore have been quashed.

Appellant's argument must be examined in light of the different actions which were proceeding in the Maricopa County Superior Court. At the time appellee filed the action in Cause No. C–319916, she believed that the money in the account belonged to the estate of William Deinhard, Sr. Appellant then filed his answer and counterclaim in

Cause No. C–319916, alleging that the money belonged to him. Appellee thereafter filed the action in Cause No. 332987 and signed the affidavit in support of the writ of garnishment on April 27, 1976, which stated that appellee had reason to believe that the Valley National Bank was indebted to appellant. At the trial on appellant's counterclaim in Cause No. C–319916, however, appellee testified that as of April 27, 1976, she did not have any reason to believe that the money being held by the Valley National Bank belonged to appellant. Appellant thus argues that the affidavit which appellee filed in support of the writ of garnishment in Cause No. C–332987 was false in the mind of appellee.

Notwithstanding appellee's testimony at trial, it was established in subsequent proceedings that the facts as alleged in the affidavit were true. Accordingly, we find that the trial court did not err in denying appellant's motion to quash the writ of garnishment.

Finally, appellant argues that questions of fact exist which preclude summary judgment. In considering appellant's arguments, this court must adhere to the rule that the evidence and the inferences must be viewed in a light most favorable to the party opposing the motion for summary judgment and that summary judgment is appropriate only when there is no genuine dispute as to material facts. *Washington National Trust Company v. W.M. Dary Company,* 116 Ariz. 171, 568 P.2d 1069 (1977). It is well established, however, that the opponent of a motion for summary judgment does not raise an issue of fact merely by stating in the record that an issue of fact exists. He must show that competent evidence is available which will justify a trial on that issue. Hearsay or speculation is not competent evidence. *Cullison v. City of Peoria,* 120 Ariz. 165, 584 P.2d 1156 (1978).

By sworn answers to interrogatories, appellee set forth with particularity the child support payments which were past due for each child. This answer showed that the total amount of arrearages plus interest amounted to $22,313.59.

■ A judgment of divorce providing for support payments is a judgment payable in future installments. *Hunter v. Hunter,* 170 Cal.App.2d 576, 339 P.2d 247 (1959); *Cochrane v. Cochrane,* 57 Cal.App.2d 937, 135 P.2d 714 (1943). A writ of execution will issue as a matter of right as the amounts become due and are unpaid and when the writ issues, the burden is on the judgment debtor to establish facts justifying an order quashing the writ. *Hunter v. Hunter, supra; Lohman v. Lohman,* 29 Cal.2d 144, 173 P.2d 657 (1946).

■ Appellant presented no competent evidence that either he or his parents had made the support payments in issue. The trial court gave appellant ample time to present such evidence. Accordingly, we find that the trial court did not err in entering summary judgment in favor of appellee.

Judgment affirmed.

JACOBSON, P.J., and GRANT, J., concur.